# Toledo, Wabash & Western Railway Company

*v.*

## Joseph Rodrigues.

1. Railroad companies—*of the character of the liabilities which they may incur.* Although the charter of a railroad company may not, in terms, authorize the

company to incur expense, on account of injury received by their employees, yet they may, in exercising such franchises, incur such liability.

2. SAME—*of the consideration for a promise.* When an employee has been disabled while in the employ of a railroad company, and in the discharge of his hazardous duties, it is a sufficient consideration to support a promise to pay for the nursing and medical attendance necessary to his cure.

3. RAILROAD SUPERINTENDENT—*of his powers.* The general superintendent may, in the exercise of his powers as such, bind the company for the payment of such liabilities, which his constructive consent assumed.

4. Where an employee of a railroad company has received injury, while in the discharge of his duty, and the station agent, in his capacity as such, assumes certain liabilities in his behalf, for nurse and medical attendance, and writes a letter to the general superintendent, stating the facts, it is presumed that the general superintendent received such notice, and in the absence of any instructions to the contrary, consented, on the part of the railroad company, to assume the liabilities of the station agent for all reasonable charges in this behalf.

APPEAL from the Circuit Court of Morgan county; the Hon. CHAS. D. HODGES, Judge, presiding.

Messrs. ROBERTSON & BARNES, for the appellant.

Mr. H. J. ATKINS, for the appellee.

Mr. JUSTICE WALKER delivered the opinion of the Court:

It appears, from the record in this case, that one Johnson, while in the employment of the railroad company, as a brakeman, was run over by a locomotive and injured. That the station agent at Jacksonville, where the injury occurred, employed appellee to nurse and take care of Johnson, and told appellee that appellant would pay him for his services. Appellee performed the services and presented his bill to the station agent for payment. He wrote to the general superintendent, making a full statement of all that had been done, but there seems to be no evidence that this letter was received. After the account was rendered, the general superintendent

conferred with the station agent in reference to the various items, and as to whether the charges were reasonable, when the superintendent said if they were reasonable he would pay the account, and made no other objections at the time.

On the trial below, and in this court, it is insisted that these agents acted without authority, and that there is no legal obligation resting upon appellant to pay for these services, notwithstanding the employment by the station agent, and the recognition of his contract by the general superintendent of the road. Although the charter of the company may not, in terms, authorize the body to incur expense on account of injury received by their employees, in the discharge of their hazardous employment, yet it will not be seriously contended but that they may, in exercising their franchises, incur such a liability.

If, from the necessary hazards of the employment, a person devoting his energies in promoting the interest of the company, at a moderate compensation, without fault on his part, is severely injured, and for a length of time is wholly disabled, humanity, if not strict justice, would say that when the company have employed others to take the care, and incur the expense of his cure, they should be compelled to observe their contract, and meet the expense.

When an employee has been disabled and rendered helpless, in the employment of the company, we can see no reason why this is not a sufficient consideration to support a promise to pay for the nursing and medical attendance necessary to his cure, when the agreement is express and not by implication. To have that effect there should, at least, be a request to perform the service. It is not such a duty resting on the company, that any person, without authority from the company, may render the service and compel payment. The request should be express and explicit, and from a person who is empowered to act for the company.

In this case, appellee was requested to render the service by the local agent entrusted with the affairs of the company at that station.   He wrote soon after to the general superintendent, informing him of what had been done.   Having written in the usual course of business, we must presume that the letter was received.   Again, there is no evidence that he countermanded the order, and not only so, but he, when the bill was presented for payment, recognized the validity of the contract and said he would pay reasonable charges for the services, and based his only  objection upon the high  prices charged.   This, in our judgment, made a clear case for a recovery, for a reasonable compensation, if these officers had authority from the company to incur the liability.

Whether the station agent had such power or not, the general superintendent was clothed, and necessarily must  be, with large specific as well as discretionary powers.   As his title implies, he has a general superintendence of the business affairs of the road, and we deem it but a reasonable inference to conclude that this was within the  scope of these powers, and when exercised, that the company must be held liable. The corporation is governed within the limits of its charter by the adoption of rules and regulations for the purpose.   These regulations govern the action of its officers.   By them they confer powers and impose duties on their various agents and officers; and by this means they exercise their franchises. These regulations are private and not accessible to the public, and hence the difficulty of other persons showing, except by inference or circumstantial evidence, that any officer performs any act within the scope of his authority.   It would, therefore, be unreasonable to require positive proof of such authority. That fact must be left to proof, as in other cases.   And when it is known that the general superintendent manages all the business of the road within his department, and binds the company by contracts on its behalf, in regard to its general

business, it may be safely inferred that such a contract as this was within the scope of his authority.

Although the instructions may not have been strictly accurate, we do not see that they could have misled the jury. Even if they were not all precisely applicable to the evidence, the finding of the jury was clearly right, and the rejection or proper modification of any of them could not have changed the result. The judgment of the court below must, therefore, be affirmed.

*Judgment affirmed.*