TOLEDO, WABASH & WESTERN RAILWAY COMPANY

*v.*

DAVID PRINCE.

1. PRINCIPAL AND AGENT—*ratification of acts of an agent—evidence of.* The
act of an agent in employing surgical skill necessary to save human life—as in

the case of one injured in the service of the principal—will generally be found by a jury to have been ratified by the principal, upon somewhat slight evidence.

2. Same—*principal liable for unauthorized acts of an agent—when.* Where a railroad station agent engages a surgeon to attend an employee injured in the service of the company, although such act is unauthorized, yet the company will be liable, if, upon due notice given to the general superintendent, the act is not repudiated. To avoid responsibility in such case, the superintendent should nave dissented from the action of the station agent, and directed him to apprise the surgeon of such dissent.

Appeal from the Circuit Court of Morgan county; the Hon. Charles D. Hodges, Judge, presiding.

The facts in this case sufficiently appear in the opinion.

Messrs. Robertson & Barnes, for the appellants.

Messrs. Ketcham & Atkins, for the appellee.

Mr. Justice Lawrence delivered the opinion of the Court:

This case is substantially like that of the same appellant against Rodrigues, 47 Ill. 188. Both were actions against the railway company for services rendered to an employee wounded in its service. The appellee in this case was a surgeon, and was sent for by the station agent at Jacksonville to take charge of the wounded man, whose leg it was necessary to amputate. The account for professional services was sent to the general superintendent, who refused payment, and this suit was brought and a judgment recovered.

The jury found their verdict on the ground of ratification, and we cannot say there was not sufficient evidence to sustain it. Although a railway company is under no legal obligation to provide medical attendance for persons injured in its service, yet this would be so reasonable a thing to do, where the wounded employee is dependent upon his daily labor for support, that a jury will generally find, even upon somewhat

slight evidence, that the act of the station agent in employing the surgical skill necessary to save human life was ratified by his superiors.   In this case, however, the station agent reported the case to the general superintendent a few days after the accident, and he testifies that he heard no complaint in regard to his action until he afterwards presented the bills for payment.   If the superintendent desired to save the company from being held responsible, he should, on receiving the report of the case, have dissented from the action of the station agent, and directed him to apprise the surgeon of such dissent, instead of allowing the latter to continue his services under the belief that he was in the employment of the company. The agent testifies that he reported the facts of the case, and the jury had the right to presume from this that he reported them in full, including his employment of appellee.   We cannot say the verdict was against the evidence, and the instructions, taken together, gave the law to the jury in a form that could not have misled them.

The judgment must be affirmed.

*Judgment affirmed.*