THE INDIANAPOLIS AND ST. LOUIS RAILROAD CO.

*v.*

LORENZO D. MORRIS.

SERVICES—*liability of railway company to pay for services performed at request of their agent.*  Where the conductor of the defendant railway company brought a brakeman, who had received a serious injury whilst in defendant's service, to the plaintiff's house, to be cared for, and immediately after telegraphed to the officers of the company the facts, and they

never notified the plaintiff of their intention that the company should not be responsible: *Held*, in an action by the plaintiff against the company, that the company was liable to pay the plaintiff what his services were reasonably worth.

APPEAL from the Circuit Court of Edgar county; the Hon. JAMES STEELE, Judge, presiding.

Mr. C. V. JAQUITH, for the appellant.

Messrs. SELLORS & DALE, for the appellee.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

This action was commenced to recover for the value of services rendered by appellee in taking care of O'Conner at the request of the appellant.

O'Conner was a brakeman in the employ of the company, and in its service at Paris station he was severely injured, and by direction of the conductor in charge of the train, was taken to the house of appellee to be cared for. The conductor immediately telegraphed to one of the officers of the company at Mattoon, O'Conner was hurt, and had been left at the house of appellee.

There is no dispute as to the fact, and the principal question is, whether the company is liable. On the authority of *T., W. & W. R. R. Co.* v. *Rodrigues*, 47 Ill. 188, there can be no doubt of the liability of appellant. When the officers of the company were notified O'Conner was hurt, and had been left at the house of appellee, if it was not the intention the company should be responsible for the expenses, it was their duty to notify appellee of that fact. This they did not do. When he inquired to whom he should look for pay, appellee was expressly told, when O'Conner "died or got well," to bring his bill to the office and it would be sent in. The services were rendered at the request of the officers of the company, and there is no reason why appellant should not be liable.

It is said, the damages found are unreasonably high and not warranted by the evidence. We think otherwise. The injured brakeman was at the house of appellee for five weeks. His injuries were so severe that his arm was amputated. During all that time he required constant care, which was most kindly furnished by appellee and those in his employ. For these services he was allowed, before the justice, $90, but on the trial in the circuit court the amount was increased to $100.

The amount claimed was reasonable, and we perceive no reason why the judgment should not be affirmed, which is accordingly done.

*Judgment affirmed.*