## THE CAIRO AND ST. LOUIS RAILROAD COMPANY

*v.*

## O. L. MAHONEY.

1. PAROL EVIDENCE—*to prove contents of telegram.* In the absence of proof of the loss or destruction of a telegraphic dispatch, and of notice to produce the same, parol evidence is not admissible to prove its contents.

2. In a suit by a surgeon, against a railway company, for treating an employee injured while in the service of the company, it is proper to prove by parol the fact of the injury to the servant of the company, and that the station agent notified the superintendent of that fact by telegram.

3. AGENCY—*proof of ratification of agent's act.* Where a surgeon has been employed by a station agent of a railway company to attend an employee injured while in the service of the company, although he may not have express authority to do so, yet slight acts of ratification by the company will authorize a jury in finding the employment was the act of the company.

APPEAL from the Circuit Court of Jackson county; the Hon. MONROE C. CRAWFORD, Judge, presiding.

Messrs. SEARLS & BUTLER, for the appellant.

Mr. J. B. MAYHAM, and Mr. G. W. HILL, for the appellee.

Mr. Justice Craig delivered the opinion of the Court:

This was an action, brought by O. L. Mahoney, a surgeon, against the Cairo and St. Louis Railroad Company, to recover for professional services rendered an employee of the railroad company, who had been seriously injured while in the discharge of his duties on the road.

A trial of the cause before a jury resulted in a verdict and judgment in favor of the plaintiff, to reverse which the railroad company has taken this appeal, and assign as error the decision of the circuit court in the admission of evidence for appellee.

As appears from the record, J. B. Clark was station agent for appellant at Murphysboro, where the employee had been brought by the company after he was injured. No physician would treat the wounded man unless employed by the company. Hinckley, the general superintendent, was at the time at East St. Louis. The station agent sent the general superintendent a dispatch, saying, "No doctor would treat wounded man unless employed by company." In answer to the telegram, Clark testified that he was authorized to take care of the wounded man. The only qualification was, a reasonable bill. Under this authority, appellee was employed by the station agent, and the services rendered for which the action was brought.

The appellant claims it was error to allow the contents of the dispatch sent, and the answer received, to be proven by parol evidence.

The superintendent was not notified to produce the dispatch sent him, nor was its loss or destruction proven. In the absence of notice to produce the dispatch, or proof of its loss or destruction, we are inclined to the opinion that parol evidence of the contents of the message was improper. But the parol evidence of the contents of the dispatch sent is not a sufficent ground to justify a reversal of the judgment. It would have been proper to prove by parol the fact that an employee of the company was seriously injured, and that the

station agent notified, by telegram, the superintendent of that fact.

The dispatch sent, in substance, amounts to nothing more than such notice; and while the proof, in the form in which it was given, may be regarded as improper, yet it was an error that did appellant no injury, and of which it has no just ground of complaint.

In regard to the answer received from the superintendent, the station agent reduced it to writing as it was received from the wires, and delivered the written message to appellee.    The paper containing the message was destroyed, and it does not appear that any paper was in existence at the office where the dispatch was sent, or elsewhere, which contained the message. Under such circumstances, the well settled rule, that the contents of a writing which has been destroyed may be established by parol evidence, must prevail.

But, aside from this evidence, the testimony tended to establish the fact that the act of the station agent was ratified by the superintendent.

The next day after the employee had been injured, the general superintendent of the company came to Murphysboro, and inquired of the station agent how the man was getting along.    While he seemed to have had information in regard to the character of the injury and the treatment by the surgeon, yet no objection whatever was interposed or complaint made in reference to the act of the station agent concerning the matter.

Again, a few weeks subsequently, in a conversation with appellee, the superintendent informed him that the pay would be all right.

Under the rule announced in *Toledo, Wabash and Western Railway Co.* v. *Rodrigues*, 47 Ill. 188, and *Toledo, Wabash and Western Railway Co.* v. *Prince*, 50 ib. 26, the jury would have been warranted, from the facts proven, in finding the employment by the station agent was ratified by the conduct of the general superintendent.

While a railroad company is under no legal obligation to

furnish an employee, who may receive injuries while in the service of the company, with medical attendance, yet, where a day laborer has, by an unforeseen accident, been rendered helpless when laboring to advance the prosperity and the success of the company, honesty and fair dealing would seem to demand that it should furnish medical assistance.

Where, therefore, a surgeon has been employed by an agent of the company, although he may not have had express authority, yet slight acts of ratification by the company will, ordinarily, satisfy a jury that the employment was the act of the company.

The verdict of the jury in this case was fully warranted by the evidence, and, as no substantial error appears in the record, the judgment will be affirmed.

*Judgment affirmed.*