ATLANTIC & PACIFIC RLD. CO. v. JOHN C. REISNER.

AGENTS—GENERAL, AND LOCAL; *Power to Bind Principal.* The general agent of a railroad company is authorized, by virtue of his position as such general manager of the company's affairs, to employ a hotel-keeper to furnish board and attendance, at the expense of the company, to a brakeman injured while working for such company. A mere station-agent of a railroad company, by virtue of his position as such agent, has not the like authority.

*Error from Atchison District Court.*

REISNER had judgment against the *Railroad Company,* and one Hyde, at the November Term 1875, and the *Railroad Company* brings the case here on error. The record discloses the fact, that after the issue was joined in the court below, a receiver was appointed for the *Railroad Company,* and that the affairs and management of said company passed into the hands of such receiver; that thereby the power and authority of the company's attorney ceased, and that no action was taken by or on the part of the receiver to protect the interests of the railroad company until after trial and judgment.

*Everest & Waggener,* for plaintiff in error.

*Thomas Metcalfe,* for defendant in error.

The opinion of the court was delivered by

HORTON, C. J.: In the trial in the district court, it appeared that this action was brought by Reisner, defendant in error, a hotel-keeper, against one H. Hyde, and the Atlantic & Pacific railroad company to recover $104, and interest, for board, room, and lodging furnished to one William Hurdle, a disabled employé of the railroad company, from April 2d to May 1st 1873, at two dollars per day, and also for the services of an attendant for nineteen days at one dollar per day, and for certain bandages of the value of three dollars. The following is Reisner's testimony, and is all the evidence introduced to the court:

"I am the plaintiff in this action. In the months of April and May 1873, I was keeping a hotel, the same one that I now keep, and it is called the Tremont House. Mr. Hyde was the agent of the railroad company at this place, and attended to their business here. A man by the name of Hurdle got hurt while working for the company as a brakeman, somewhere below town, on a bridge. Mr. Hyde had him brought to my hotel, and sent for a doctor to care for him, and employed me to board, take care of, and nurse him, and said that the company would pay me, and that he would guarantee the payment of my account. He employed me to board him for the railroad company, as agent for the said company. I knew that he was doing business for the company, as agent, during this time. I asked him once or twice for pay, but have never received a dime. My account here in court, and annexed to the petition, is just, and the services reasonable, and worth the amount charged in my bill. This man was sick, and we waited on him nearly a month. I hired a person to take care of him. I knew Mr. Hyde was the *general agent* of said road at Atchison, and station-agent for this company, and he said the company would pay me, and that he would guarantee it; and neither said Hyde nor said company have ever paid me any part of my said account."

Judgment was rendered against both defendants in the court below; and the railway company brings the record here, and seeks to reverse the judgment against itself. The railway company assumes in the argument presented to this court, that Hyde, the person who made the arrangement with the defendant in error for the board and services sued for, was only a station-agent of the railway company, and that neither his duties nor his authority gave him power to bind the company, so as to make it liable in this action. The authorities cited sustain the proposition that a station-agent of a railroad company is not authorized, by virtue of his position as such agent, to employ a hotel-keeper, at the expense of the company, to attend to one of its brakemen, injured while working for the company, nor to furnish such employés with board and lodging while disabled. *Tucker v. St. Louis, K. C. & Northern Rly. Co.*, 54 Mo. 177; *Cooper v.*

*N. Y. Central & Hudson River Rld. Co.*, 6 Hun. 276; *Stephenson v. N. Y. & Harlem Rld. Co.*, 2 Duer, 341; *Cox v. Railway Co.*, 3 Exch. 268. The testimony however, brief as it is, discloses the fact that Hyde was the *general agent* of the company. We cannot ignore this evidence. Upon it rests the liability of the plaintiff in error. The power and authority of the *general agent* of a railroad company is much greater than that of a station-agent. In the case of a general agency, the principal holds out the agent to the public as having unlimited authority as to all his business. When the witness testified that Hyde was the general agent of the road at Atchison, he thereby gave evidence that the railroad company held out to the public such person as its agent in *all* its business and employment. In other words, the general agent of the company is virtually the corporation itself. It has been usual in the construction and operation of railroads in this state for some person therewith connected to act as general manager, or general agent, of the railroad being constructed or operated; and such general manager, or general agent, has had while occupying this position the full control of all the company's affairs, and complete direction over its treasury. General manager, and general agent, are synonymous terms.

It does not appear from the evidence that there was any legal liability on the part of the railroad company to furnish board and attendance to the brakeman. Still, we do not think this proof was necessary to establish the liability of the company to Reisner. It was proven that the brakeman was hurt while in the employ of the company; and it is not unfrequent for railroad companies and other corporations to furnish board and medical attendance to employés disabled in the service of such companies, even when the injuries are not the result of the negligence of the corporation. Such action, whether resulting from humane or selfish motives, is certainly to be commended; and no court would hold the contract of a railroad company duly entered into for such an object as *ultra vires*, and incapable of being enforced. Hyde,

being the general agent of the company, and having unlimited authority as to all its business, had the power to make the arrangements with Reisner, testified to, and the company was liable upon his engagement. The defendant in error was not compelled to institute inquiry as to the moral or legal liability of the railroad company to take care of the disabled employé before receiving him into his hotel, after the general agent of the company had agreed that the company would pay for the board and service. *I. W. & W. Rly. Co. v. Prince*, 50 Ill. 26; *I. W. & W. Rly. Co. v. Rodrigues*, 47 Ill. 188. See also, *M..& O. Rld. Co. v. Taft*, 28 Mich. 289, 294. It may be, that the witness was mistaken as to the position held by Hyde; and the fact that the testimony shows that Hyde was the general agent of the company, and also station-agent, gives some force to the suggestion. We suppose it is not usual for a general agent of a railroad company to also occupy the office of station-agent of the same company. But in this case the evidence is conclusive upon the point, and we are compelled to accept it as true. The unfortunate position in which the counsel for the plaintiff in error were placed by the action of the receiver of the Atlantic & Pacific railroad company dispensing with their services on the trial, prevented any cross-examination of the witness by them, or the presentation of any contradictory testimony; in fact, prevented any defense being made to the account sued on. For all this, the defendant in error was not responsible. And as there was legal evidence which tended to support and uphold the judgment of the district court, we cannot now interfere.

The judgment will be affirmed.

All the Justices concurring.