TEXAS & ST. LOUIS R. R. CO. v. B. F. & F. E. MYERS.

(No. 2747, Op. Book No. 4.)

APPEAL from Navarro County. Opinion by WHITE, P. J.

§ 392. *Superintendent of railroad; his power to employ or ratify the employment of parties to care for and wait upon employees injured by the road.* Brown, the superintendent, was on the train when the accident occurred. Elliott, the conductor, brought the wounded employee to the house of Mrs. Myers, and told her that Brown, the superintendent, had sent word to her that she must spare no expense or trouble in caring for the wounded man; that every cent would be paid her. Afterwards Mrs. Myers saw Brown, the superintendent, herself, and Brown told her that the account would be paid if Dr. Starley, the attending physician, would certify to its correctness. This Dr. S. did. It was also proven that the bills for services rendered by Dr. Starley and the nurse, both of whom were employed by the conductor, Elliott, at the time he brought the wounded man to the house of appellee, had been paid by the railroad. *Held,* that this evidence was sufficient to show an employment by the superintendent; if not, that it was amply sufficient to show a ratification by him. In the Toledo, Wabash & Western R. R. Co. v. Prince, 50 Ill. 26, it was held that where the station agent employed the surgeon and reported the case to the superintendent, unless that officer dissented from the action of the station agent and directed the agent to inform the surgeon, his neglect to do so would be an implied ratification of the employment.

Upon reason as well as upon authority, we think it well settled that a promise to pay for medical attendance and nursing rendered to a servant of a railroad company, injured in the discharge of his duty upon the road, is presumed to be within the general powers of the superintendent of the road, and will bind the company.

[Wait's Acts. & Defs. vol. 5, p. 313, citing Toledo, etc. R. R. Co. v. Rodriques, 47 Ill. 188; Toledo, etc. R. R. Co. v. Prince, 50 Ill. 26; Atlantic, etc. R. R. Co. v. Reisner, 18 Kans. 458; Walker v. Great Western R. R. Co. 2 El. & El. 325.]

In the case of Marquette & Octonagon R. R. Co. v. Taft, 28 Mich. 289, the argument of Judge Cooley, upon the general scope of the authority of a railroad superintendent to make contracts for services rendered an employee of the road, injured in its employment, is not only able and exhaustive, but unanswerable. He says, "the nature of the powers of a railroad superintendent is indicated by his title;" and he concludes by saying, "nor do we understand what rule there can be, either of law or reason, to preclude the courts' taking judicial notice of the powers of a superintendent of a railroad, as it has often been held they may, of those of the cashier of a bank. [See Farmers' & Mechanics' Bank v. Troy City Bank, 1 Dougl. (Mich.) 457.] In fact, the courts do often take judicial notice of the powers of even inferior officers."

June 9, 1883.                    Affirmed.