Silverman v. Bush.

# Lazarus Silverman
## v.
# Frederick Bush et al.

1. Agent—Pledging property of principal.—Agent or factor may pledge the goods of his principal for his own security with notice of his lien; and such a change of the lien does not divest the factor of his right, for it is in effect a continuance of his possession.

2.  SAME.—But if the factor gives the pledgee no notice of his lien, or of the facts which gave rise to it, but pawns his principal's goods as his own, such pledging is in the eyes of the law tortious, and replevin or trover will lie against the pledgee without previous demand for the goods.

3.  TROVER—SALE SUBSEQUENT TO SUIT BROUGHT.—A sale of the goods in question by defendant in an action in trover for their conversion, made subsequent to the commencement of the suit, can have no legitimate effect upon the rights of the parties.

APPEAL from the Superior Court of Cook county; the Hon. JOSEPH E. GARY, Judge, presiding. Opinion filed May 29, 1885.

This action was trover, brought by appellees, who were manufacturers of hosiery goods at Kalamazoo, Mich., against the appellant, who was a banker in the city of Chicago, to recover for an alleged wrongful conversion by appellant, of divers quantities of said goods. The case was tried by the court without a jury, the trial resulting in a judgment against appellant for $4,522.13 damages.

It appears from the record that one Crain was engaged in selling goods in Chicago on commission, and that the plaintiffs below made arrangements with him to sell their goods as a commission merchant or factor; that the goods in question had been consigned to him for that purpose and had by him been put in a warehouse in Chicago, for which divers warehouse receipts had been issued to him; that it was agreed between plaintiffs and Crain that he should, from time to time, make advances to the plaintiffs on account of the goods shipped to him; that the plaintiffs requested him to advance to them the sum of three thousand dollars; that in order to to do so, he had to borrow the amount of the defendant and told him for what purpose he borrowed it; that the money was paid to the plaintiffs; that to secure the defendant he, Crain, assigned to him warehouse receipts covering the goods in question in this suit. There was no evidence which legitimately tends to show any demand upon or refusal by the defendant, to deliver the warehouse receipts or the goods to the plaintiffs before bringing the suit; but there was evidence that the defendant, after the commencement of the suit, had

Silverman v. Bush.

sold the goods to another party. There was also evidence tending to show that the plaintiffs, before bringing the suit, had knowledge of all the facts relevant to the pledging by Crain of said warehouse receipts, and that with such knowledge they ratified the acts of Crain in that behalf.

Mr. John N. Jewett and Messrs. Holzheimer & Eliel, for appellant; as to lien of factor, cited Pal. on Agency, (Lloyd,) 128, 129; 2 Kent's Com. 41, p. 640 (4th Ed.); 2 Livermore on Agency, p. 38 (Ed. 1818); 3 Chitty on Com. & Manuf., 544–546; Kruger v. Wilcox, Ambler, 252; Hudson v. Granger, 5 B. & Ald., 22, 32; Godin v. London Assur. Co., 1 W. Bl. 104; Jarvis v. Rogers, 15 Mass., 389, 396; Peisch v. Dixon, 1 Mason, 10; Burril v. Phillips, 1 Gall. 360; 2 Bell Com. §§ 799, 800 (4th Ed.), pp. 114–118 (5th Ed.); Colebrooke on Collateral Securites, § 408.

As to right of factor to pledge for amount of lien: Paley on Agency (Lloyd), 142–144; 3 Chitty on Com. and Manuf. 549, 550, 554, 555; Sweet v. Pym, 1 East, 4; Colebrooke on Collateral Securities, § 407; Mann v. Sheffner, 2 East, 523; McCombie v. Davis, 7 East, 6; Urquhart v. McIver, 4 Johns. 103; Rodriquez v. Hefferman, 5 Johns. Ch. 429.

As to the relation of a factor who has made advances on the goods intrusted to him: Beadles v. Hartmus, 7 Baxter, (Tenn.) 476; Cotton v. Hiller, 52 Miss. 7; Reed v. Adams, 37 Conn. 378; Jordan v. James, 5 Ohio, 88; Whitney v. Wyman, 24 Ind. 131; Parker v. Braucker, 22 Pick. 40; Young v. Thurber, 91 N. Y. 391; Brown v. McGraw, 14 Pet. 479; Pultney v. Keymer, 3 Esp. 182; Urquhart v. McIver, 4 John. 103; McCombie v. Davis, 7 East, 5; Paley on Agency (Lloyd), 165; 2 Kent's Com. 41; Sally v. Rathbone, 2 M. & S. 298; Story on Bailments, §§ 325–327.

Messrs. Abbott & Johnson, for appellees; as to the right of a factor to pledge the goods of his principal to the extent of his lien, cited Gray v. Agnew, 95 Ill. 315; Graham v. Dyster, 2 Starkie, 19; Warner v. Martin, 11 How. (U. S.) 224; Bensley v. Rhodes, 18 Mo. 147; McCombie v. Davis, 7 East,

5; Holly v. Huggerford, 8 Pick. 73; Paley on Agency (Lloyd) 216; 2 Kent (12th El.) 626; Merchants' Bk. v. Trenhohn, 12 Heisk. 525.

McAllister, J.   The rules of law deducible from the numerous authorities cited by the counsel for the respective parties, are, so far as applicable to one branch of this case, accurately stated by Chancellor Kent in his Commentaries, to this effect: Though the factor can not pledge the goods of his principal as his own, yet he may deliver them to a third person for his own security, with notice of his lien, and as his agent to keep possession for him.   Such a change of the lien does not divest the factor of his right, for it is in effect a continuance of the factor's possession.   2 Com. *p. 626; McCombie v. Davis, 7 East, 11; Urquhart v. McIver, 4 Johns. 103; Nash v. Mosher, 19 Wend. 430.

The evidence tended to prove a state of facts from which the court, sitting as and in the place of a jury, for the determination of facts, and as a court to apply the law to them, might have found that Crain, the factor, had acquired a lien on the goods in question for advances made by him to his principals, to the sum of three thousand dollars at their special request.   But whether the court so found, we can not from the record and the manner in which the case was tried, ascertain.   Assuming, however, that the court did so find, because the evidence justified it, then the next step in an attempt to analyze the case would naturally be to get at the nature of the transaction between Crain, the factor, and Silverman, the banker, and defendant in the case, in respect to the goods, for the wrongful conversion of which by him, this suit was brought and a recovery had.   If Crain gave Silverman notice of his lien and merely placed the goods in his possession to hold to the extent of that lien, and as a substitute for him (Crain), we are of opinion that such transfer or change of lien was lawful, and Crain's right was not thereby divested.   But if, on the contrary, Crain gave Silverman notice of his lien, or of the facts that gave rise to it, but pawned the goods of his principals as his own goods, then no matter how innocent

Silverman v. Bush.

Silverman's intentions might have been, such pledging was, in the eye of the law, a tortious act, and the principals could maintain trover against Silverman without any previous demand upon him for the goods. McCombie v. Davis, 6 East, 538.

We fail to discover from anything in the record the view or theory upon which the case was tried as regards the points just adverted to. The plaintiffs below were permitted, without any objection on the part of the defendant, to prove that defendant, after the commencement of this suit, had sold the goods in question to another party.. We are strongly inclined to believe from an examination of the record, that such sale was relied upon by plaintiffs' counsel, and regarded by the court, as constituting a wrongful conversion of the goods, whatever might have been the conclusion as to the nature of the transaction between Crain and Silverman, and even though the plaintiffs had with full knowledge ratified the acts of Crain in pledging the goods. The fact of such sale, after the commencement of the suit, could have no legitimate effect upon the rights of the parties, and should not have been brought into the case at all. Storm v. Livingston, 6 Johns. R. 44. Excluding from the case that fact, and we are of opinion that the finding the defendant guilty of a wrongful conversion of the goods in question was against what we conceive to be the clear weight and preponderance of the evidence, upon the defense of ratification by the plaintiffs, of the acts of their agent, Crain, in the premises. Robbins, one of the plaintiffs, was the manager of their business. Something more than a week before this suit was brought, he became cognizant of all material facts in respect to the borrowing money of Silverman and pledging the warehouse receipts to him by Crain. The latter had, before this, borrowed money with which to make advances to his principals, of another banking house, and pledged other warehouse receipts for goods belonging to said principals as security therefor. Robbins, on being fully informed of this latter transaction, had fully approved of Crain's acts, repaid the money so borrowed and redeemed the pledge. On the heels of that transaction came this matter with Silver-

man, and Robbins, having inquired into the matter to some extent, and become aware of the material facts in respect thereto, told Crain that he would pay what had been borrowed of Silverman, and redeem the goods.

He accordingly, in a short time afterward, went to Silverman, undoubtedly for the purpose of carrying into effect what he had told Crain he would do. He wanted to see all the papers and know all about the transaction, both as to amount borrowed and the quantity, etc., of the goods held in pledge. After getting this information he told Silverman he was going to pay up and wanted the goods.

Now, here there was full knowledge of all material facts; the acts to be ratified were of a character capable of ratification. The plaintiffs had received the money for which the goods were pledged. It was obtained at their urgent request, and for the purpose alone of accommodating them. In such a case the acts of the principal are to be construed liberally in favor of the adoption of the acts of an agent: Codwin v. Hacker, 1 Caine's R. 526; Dunlap's Paley on Ag. 171. Slight circumstances and small matters will sometimes suffice to raise the presumption of ratification. Story on Ag. § 253, and cases in notes; Cairo & St. L. R. R. v. Mahoney, 82 Ill. 73.

If the principal ratifies and adopts the agent's acts even for a moment, he is bound by them: Ewell's Evans on Ag. 85; Smith v. Cadogan, in note in 2 Term R. 189.

We think the ends of justice require that there should be a new trial in this case. The judgment will therefore be reversed and cause remanded.

Judgment reversed.