246 STREET RAILWAYS.

[Hamilton Circuit Court, December Term, 1885.]

Cox, Smith and Swing, JJ.

C. & C. S. R. Co. v. WISEMAN.

1. AUTHORITY OF SUPERINTENDENT TO EMPLOY A PHYSICIAN.

The superintendent of a railroad company, unless invested with special authority for that purpose, has no power to employ a physician and bind the company for payment therefor, in attending to a passenger injured on the road.

2. AUTHORITY MAY BE IMPLIED, WHEN.

Such authority may, however, be implied from all the facts and circumstances of the case, but it is not necessarily inferred from the fact that he bears the title of superintendent. It is a question to be determined by the jury on the whole case.

This is a petition in error to reverse the judgment of the court of common pleas. Wiseman, a physician, brought suit against the Columbia Street Railroad Company, to recover five hundred dollars for medical and surgical services rendered to one Charles Grossclaus, injured while a passenger of the defendant, being run over by the defendant's car.

It is claimed on the part of the plaintiff below, that Grossclaus, on the 4th day of July, 1883, was a passenger on the Mount Lookout Dummy, and that he fell off and had his foot injured by the wheel of the car; that one J. J. Henderson, who was the superintendent of the road, employed the plaintiff to take charge of him, and that the company, by reason of said employment, was responsible to the plaintiff for the services rendered.

It was proven on the trial that Henderson was the superintendent of the road, had authority to employ conductors and brakemen, to keep the road in repair, see that the engines and cars were in proper condition and ran at proper times, and to attend to the time table.

The defendant denies, first, that Henderson had employed Wiseman; second, that he had the authority to so employ him. The testimony upon the authority of the employment was conflicting. Two policemen testified that they took Grossclaus to the postoffice, and Henderson, who was the superintendent of the railroad company, told them to get Dr. Stark and Dr. Carver, who were the physicians of the railroad company, and that not finding either of them they called in Dr. Wiseman; and that Henderson ordered a carriage and directed Dr. Wiseman to take Grossclaus to Newport, Kentucky, where he lived, and that he would pay the bill.

Henderson denied any employment of Dr. Wiseman, and said that he simply had the carriage called and Grossclaus taken home—not by virtue of his authority as superintendent—but as a mere matter of humanity. And upon the question of his authority to employ a physician, that was expressly denied by himself, and also by the vice-president of the road, who had the authority to employ the superintendent, and to invest him with such authority as he had.

It was claimed on the part of the plaintiff below that, being superintendent, he had a right to employ a physician in this case, by virtue of his office as superintendent. This was denied on the opposite side.

Cox, J.

As to the question of law in this case, a superintendent of a railroad, unless invested with special authority for that purpose, has no power to employ a physician and bind the company for his services, to attend to a passenger who is injured on the road. This has been settled in numerous cases. (30 Law Reports; 3 Ex. Rep., 268; 2 Duer, N. Y., 341; 28 Mich., 293; 42 Conn., 586; 80 Ky. Rep., 167; 75 Mo. Rep., 492; 67 Mo., 122; 54 Mo., 177.)

The authority of a superintendent to employ a physician may, however, be implied from all the facts and circumstances of the case, but is not necessarily inferred from the fact that he bears the title of superintendent. It is a question of fact for the jury upon the whole case.

It is contended, however, upon the part of the plaintiff, that, being a superintendent of the road, having the management of it, he had such authority, and could so bind the company; and we are cited to a number of cases, which, it is claimed, support that proposition. (2 Law Reports, 2 Ex., 228; 47 Ill., 188; 28 Mich., 300; 50 Ill., 26; 18 Kansas, 458; 19 Kansas; 24 Kansas, 228; 82 Ill., 73.)

But all these cases go to the point that where the injured person is an *employe* of the company, the superintendent has the right to bind the company by employing a physician or surgeon to attend him. They draw a distinction between the *passenger* and the *employee*, on the ground that the *employee* is necessary in the management of the affairs of the company, and that the company, for its own protection, and for the protection of the employees, owes a duty to them which it does not owe to the passenger.

A number of exceptions were taken by the defendant to the charge of the court as given, and to the refusal of the court to give others as asked. Upon an examination of the charge of the court, we think it can fairly be inferred that he left it to the jury to consider upon all the testimony in the case, whether the superintendent had the authority to bind the company, and that it was a question of fact for them to determine. And we think that that was a proper charge. The charge was lengthy, and some parts of it were, perhaps, confusing to the jury; but taken as a whole, the propositions laid before them were so stated as that they could understand them.

The testimony, however, clearly showed, we think, that the superintendent had no such authority; and it was not made to appear, by a preponderance of the testimony, even that he had employed the plaintiff to perform the services for which he sought to recover.

We think, therefore, that the judgment was against the weight of the evidence, and that the court erred in not granting a new trial. The judgment will be reversed and the cause remanded to the court of common pleas for further proceedings.

Wallace Burch, for plaintiff in error.

Campbell, Bates & Bettman, for defendant in error.