## THE ST. LOUIS & K. C. R. R. COMPANY

### v.

## WILLIAM OLIVE.

*Railroads—Liability of for Services Rendered a Servant at the Instance of a Conductor—Ratification—Continuance—Practice.*

1. It is proper to refuse a continuance on account of the absence of a witness where the affidavit filed fails to disclose what diligence was used to procure his presence.

2. In the absence of express or implied authority from his company, or evidence of subsequent ratification, a railroad company can not be held for medical services rendered an employe at the instance of one of its conductors, upon the assertion by him that the company would pay therefor.

[Opinion filed September 11, 1891.]

APPEAL from the County Court of Madison County; the Hon. CYRUS L. COOK, Judge, presiding.

Mr. H. A. NEAL, for appellant.

Messrs. DALE & BRADSHAW, for appellee.

SAMPLE, J. The appellee brought this suit to recover the value of his services as a surgeon, rendered, as he claims, on an employment by one of appellant's servants.

The facts as disclosed by the evidence were, that on the 13th day of May, 1890, a servant of appellant, by some accident on a train, had broken his leg. The conductor of the train requested appellee to attend the injured man and promised him that the company would pay for his services. The appellee rendered services to the value of $41, for which amount he recovered judgment in the court below. Two points are made by appellant: First, that the court erred in not granting it a continuance; second, that the judgment is not sustained by the evidence.

The affidavit for continuance did not disclose to the court what diligence was used to learn the residence of the absent

witness. For all that appears therein, the inquiry may have been made but a few hours before the affidavit was filed. The motion was properly overruled.

It is considered that the evidence does not sustain the verdict. The conductor had no express or implied authority from appellant to employ a surgeon. I. & St. L. R. R. Co. v. Morris, 67 Ill. 295. And there is not a scintilla of evidence to show a ratification of such employment, as in the cases of T., W. & W. Ry. Co. v. Rodrigues, 47 Ill. 188 ; T., W. & W. Ry. Co. v. Prince, 50 Ill. 27 ; C. & St. L. R. R. Co. v. Mahoney, 82 Ill. 73.

For this want of proof, or of some circumstance from which ratification might be inferred, the judgment must be reversed and the cause remanded.

*Reversed and remanded.*