### Henrietta H. Starrett v. Michael Miley.

1. PHYSICIANS—*Services Performed on Request—Implied Undertaking.*—Where the services of a physician are performed on request, and no agreement is made in respect to them, the law raises an implied promise to pay so much as the person performing the services reasonably deserves to have, and upon such implied undertaking an action will lie.

2. SAME—*Implied Undertaking—Exception to the Rule.*—When a person calls a physician to care for another, rendered by sudden injury unable to act for himself, and to whom he stands in no relationship which creates any obligation to furnish necessary medical care, and no express undertaking is entered into, the law does not presume from the mere summoning of the physician and requesting him to care for the injured person, any implied promise by the one so acting to pay for services of the physician summoned.

**Assumpsit,** for physician's services. Trial in the Circuit Court of Cook County; the Hon. JOHN GIBBONS, Judge, presiding. Finding and

judgment for plaintiff.   Appeal by defendant.   Heard in this court at the March term, 1898.   Reversed.   Opinion filed January 26, 1899.

A woman, who was, so far as the evidence discloses, a stranger to appellant, ran into the home of appellant, wounded and bleeding, and fell there unconscious.   Appellant at once sent for a physician, and in response appellee, who is a physician, came.   When he arrived appellant directed him to the injured woman, told him to care for her, and had her carried to a room in the house.   No express promise was made by appellant to pay appellee for services rendered in this behalf.   For such services appellee sued appellant, and recovered judgment.   From that judgment this appeal is prosecuted.

J. STARRETT, attorney for appellant.

J. GREGG O'BRIEN and F. O. CAMPE, attorneys for appellee.

MR. JUSTICE SEARS delivered the opinion of the court.

Upon this appeal no other question is raised except as to the obligation in law of appellant upon the facts shown. The question presented is whether a bystander, who summons a physician to care for one who is made unconscious by sudden accident or injury, is by such act alone made liable to pay for the services of the physician rendered in response to such summons.

In England under the common law, physicians, like barristers, could not recover for their services upon an implied assumpsit.   Chorley v. Balcott, 4 T. R. 317; Lipscombe v. Holmes, 4 Camp. 441; Pouchan v. Norman, 3 Barn. & C. 745.

This rule, however, does not obtain in England since the passing of the Medical Act.   Gibbon v. Budd, 2 Hurl. & C. 92.

Nor does it obtain in this country.   Under our practice the law will imply a promise to pay reasonable compensation for a physician's services.   Hewett v. Wilcox, 1 Metc.

(Mass.) 154; Mooney v. Lloyd, 5 Serg. & R. (Pa.) 411; Judah v. McNamee, 3 Blackf. (Ind.) 269; In re Scott, 1 Redfield (N. Y.) 234; C. & A. R. R. Co. v. Smith, 21 Ill. App. 202; Thomas v. Leavy, 62 Ill. App. 34.

And the principle of the common law applies in general to services of physicians as well as to services of others, that when services are performed on request, and no agreement is made in respect to them, the law raises an implied promise to pay so much as the person performing the services reasonably deserves to have, and upon such implied undertaking an action will lie.

But there seems to be a well-defined exception to this general rule, which applies in just such cases as the one here. It is to the effect that when one summons a physician to care for another, rendered by sudden injury unable to act for himself, as to whom he stands in no relationship which creates any obligation to furnish necessary medical care, and no express undertaking is entered into, then from the mere summoning of the physician and requesting him to care for the injured person, the law does not presume any implied promise by the one so acting to pay for services of the physician summoned. Boyd v. Sappington, 4 Watts (Pa.), 247; Clark v. Waterman, 7 Vt. 76; Smith v. Watson, 14 Vt. 337; Meisenbach v. The Southern, etc., Co., 45 Mo. App. 232.

In the Pennsylvania case the court said:

"It is very clear that had the defendant been a stranger, however urgent he may have been, and whatever opinion the physician may have formed as to his liability, he would not have been chargeable, without an express engagement to pay; as, for instance, in the case of an inn-keeper, or any other individual whose guest may receive the aid of medical advice. A different principle would be very pernicious, as but very few would be willing to run the risk of calling in the aid of a physician where the patient was a stranger or of doubtful ability to pay."

In the Missouri case, Justice Seymour D. Thompson, speaking for the court, said:

"When a person is dangerously wounded and perhaps

unable to speak for himself, or suffering so much that he does not know how to do it, any person will run to the nearest surgeon, in the performance of an ordinary office of humanity. If it were the law that the person so going for the surgeon thereby undertakes to become personally responsible for the surgeon's bill, and especially for the surgeon's bill through the long subsequent course of treatment, many would hesitate to perform this office, and in the meantime the sufferer might die for the want of necessary immediate attention. Nor is there a common and fair understanding that the person making the request, or ordering it to be made, in behalf of the sufferer, under the circumstances, assumes responsibility for the surgeon's bill."

The effect of these decisions is to make such a summons, upon humane principles as well as upon the ground of a common understanding, an exception to the rule of liability for services rendered at special request.

Cases cited and others which may seem to announce a contrary rule will be found to have been based upon a relationship of the parties, which of itself created on obligation to provide medical attendance, or upon an express promise to pay, or upon such facts as would warrant a conclusion that there was a definite understanding of the parties that the one sought to be charged would pay. As in C. & St. L. R. R. Co. v. Mahoney, 82 Ill. 73.

No such facts obtain upon the record here, and there can be no recovery.

The judgment is reversed.