## Chicago Consolidated Traction Co. v. A. A. Mathews.

### Gen. No. 11,588.

1.  MEDICAL SERVICES—*when traction company liable for.*  Where a traction company injures a stranger and then requests a physician to care for him, or with knowledge of the facts ratifies the act of the conductor in employing him, or with like knowledge fails or neglects to countermand such employment, the company is liable to such physician in a reasonable sum for his services.

2.  MEDICAL SERVICES—*who may bind traction company to pay for.* Where a street railway company injures a stranger, and his condition requires prompt medical attendance and no surgeon of the company is obtainable, the representative of the company in authority at the time and place of the accident has a right to employ a physician and thus, for the time being, at least, to bind the company for a reasonable compensation for his services.

Action of assumpsit.  Appeal from the Circuit Court of Cook County; the Hon. EDWARD F. DUNNE, Judge, presiding.  Heard in this court at the October term, 1903.  Affirmed.  Opinion filed November 28, 1904.

JOHN A. ROSE and LOUIS BOISOT, for appellant; W. W. GURLEY, of counsel.

H. R. PEBBLES, for appellee.

MR. PRESIDING JUSTICE BALL delivered the opinion of the court.

Appellee recovered a judgment in the Circuit Court against appellant for medical services rendered by him to one George Granz, who, it is claimed, was injured by coming into contact with a live wire of appellant, which was "hanging down" on its Harlem Avenue line.

The evidence tends to prove that after the accident the conductor of the street car took Granz to a drug store, and there, following a conversation by telephone purporting to be had with the superintendent of appellant, employed appellee to attend the injured man; that the next day appellee called up the superintendent, stated the case to him, and asked if he should continue his services, but to this question the superintendent made no other reply than that he would send out one of the surgeons of the company; that at different times thereafter two surgeons of appellant called upon appellee, and in his company visited Granz; that nothing was said at either time in regard to the services of appellee, other than to commend his treatment of the case; that at the time of the accident there was no agent of appellant superior in authority to the conductor in the vicinity; and that Granz was injured by and through the negligence of appellant.

When a street railway company injures a stranger and then requests a physician to care for him, or with knowledge of the facts ratifies the act of its conductor in employing him, or with like knowledge, fails and neglects to countermand such employment, the company is liable to such physician in a reasonable sum for his services.

We are inclined to the view that when one is thus hurt, and the condition of the injured party requires prompt medical attendance, and no surgeon of the company is obtainable, the representative of the company in authority at the time and place of the accident has a right to employ a physician, and thus, for the time being at least, to bind the company to pay for his reasonable services. In such case humanity, common honesty and fair dealing, if not strict

justice, require the company to pay. However this may be, it was the duty of the superintendent, when appellee stated the case to him and asked as to a continuation of his services, to make a direct reply to that question. Failing so to do, the trial court was fully justified in finding that the employment of appellee by the conductor was ratified and confirmed by appellant. In such a case slight acts of ratification by the company are sufficient. T. W. & W. Ry. Co. v. Prince, 50 Ill. 26; I. & St. L. Ry. Co. v. Morris, 67 Ill. 296; C. & St. L. Ry. Co. v. Mahoney, 82 Ill. 73; A. & N. Ry. Co. v. Stockwell, 118 Ind. 98. The superintendent of the company had the power to bind it in this regard. T., W. & W. Ry. Co. v. Rodrigues, 47 Ill. 188.

The finding of the court upon the facts is not contrary to the third proposition held by the court to be the law of the case. If it were, the finding being right, we would not for that reason reverse this case.

The judgment of the Circuit Court is affirmed.

*Affirmed.*