### O. N. Gibson, Appellee, v. O'Gara Coal Company, Appellant.

1. PLEADING—*when common counts sufficient.* When a contract sued upon has been fully performed on the plaintiff's part and nothing remains to be done under it except for the defendant to pay whatever money is due from him, the plaintiff has the election to declare specially on the contract, or generally in *indebitatus assumpsit* under the commont counts.

2. CORPORATIONS—*what not ultra vires.* *Held*, that a contract by a coal company for the services of a physician to treat one of its employes injured while working in its mines, was not *ultra vires.*

3. CORPORATIONS—*who cannot urge defense of ultra vires.* A private corporation cannot avail itself of the doctrine of *ultra vires* when the contract has been in good faith fully performed by the other party, and the contract has had the benefit of the contract and the performance.

*Assumpsit.* Appeal from the Circuit Court of Saline county; the Hon. W. N. BUTLER, Judge, presiding. Heard in this court at the February term, 1909. Affirmed. Opinion filed November 13, 1909.

WILLIAM S. HEFFERAN and M. S. WHITLEY, for appellant.

ABNEY & BURNETT, for appellee.

MR. JUSTICE DUNCAN delivered the opinion of the court.

Dr. Gibson, the appellee, began this suit in *assumpsit* against appellant on March 12, 1908, for medical attendance, advice and medicines furnished the employes of the defendant in its coal mines at Eldorado, during the years 1906 and 1907.

It is contended by the appellee that his services were rendered to the injured employes in pursuance of a letter of Harry Thomas, the defendant's general superintendent, to A. C. Dale, bookkeeper and paymaster for the defendant, directing him in the latter part of the year 1905 or the early part of 1906, in case of injuries to any employes of the defendant at its Eldorado mines to call Dr. Gibson to attend them; and, that within a very few days after receiving this letter, Dale saw the plaintiff and spoke to him about attending professionally upon such employes as might be injured in these mines, and exhibited this letter to him and he read it. After reading this letter the plaintiff rendered the services sued for at the call of superior servants of the defendant. On November 25, 1907, one Lon Pelhank, mine boss of defendant, informed the plaintiff that thereafter his services would be limited to emergency or first calls, and that the defendant would not pay for treatment except for first visits. Plaintiff insists this was his first notice that his treatment of these employes would be limited by defendant to first visits, and that all services sued for were rendered by him before this notice.

Defendant does not deny that it is liable to the plaintiff; but insists that it is only liable for first visits; and that the plaintiff was informed at the beginning of these services by this letter, and by the parties first calling him, that the company would only pay for first visits.

The declaration contained only the common counts for medical attendance, medicines, etc., provided by plaintiff for employes of the defendant at its request, etc. The general issue was filed thereto and issues joined, and the trial was, by agreement, before the

court without a jury, the defendant to be permitted to introduce all evidence under the general issue that would be admissible under any pleas properly pleaded. Judgment was rendered by the court in favor of the plaintiff for the sum of three hundred and forty dollars and the costs. From this judgment the defendant appeals to this court.

The errors relied on by the appellant are, (1) that the declaration should have counted specially on this contract, that the evidence was not admissible, and that the suit could not be maintained under the common counts alone; (2) that the judgment is contrary to the law and the evidence; (3) that the judgment is excessive.

First. It is true that it would have been proper for the plaintiff, had he seen fit to do so, to have counted specially on this contract. So long as the contract continues executory, the plaintiff must declare specially. When, however, as in this case, the contract has been fully performed on the plaintiff's part, and nothing remains to be done under it except for the defendant to pay whatever money is due from him, the plaintiff has the election to declare specially on the contract, or generally in *indebitatus assumpsit* under the common counts. The contract and all evidence of performance thereof was properly admitted in evidence, and a recovery was rightly allowed, under the declaration. The authorities on this proposition are numerous and the principle is elementary. Throop v. Sherwood, 4 Gilman, 92; Lane v. Adams, 19 Ill. 167; Sands v. Potter, 165 Ill. 397; Union Elevated R. R. Co. v. Nixon, 199 Ill. 235.

Second. We do not think that the contract in question is void on the doctrine of *ultra vires*. It is assumed by the defendant that this coal company had no rights under its charter to contract for services of a physician in the treatment of its employes for injuries received while working in its mines. The only proof bearing on that question in this record is that the de-

fendant is a corporation mining coal. What its chartered powers are is not in proof. Assuming, however, that no such explicit powers were given it by its charter, it would be going very far to hold that a corporation, for the purpose of mining coal simply, would not have the right and power to choose and hire a physician to treat men injured in its employ. It is most certainly liable to the employes for necessary physician's bill in an action for an injury caused by the negligence of the company. If then it is liable in such cases for such bills, it certainly will not be contended that in such cases it cannot bind itself for such services to a physician of its own selection, when the employe being treated accepts such treatment. We think such a contract would be within its implied powers. If so the duty to determine when and in what cases it would be liable for the physician's bill, would rest on the coal company, and not on the physician; and for any employment of a physician by it to treat its injured employes, the company would be liable to the physician although it might afterwards appear that the employe was not injured by the coal company's negligence. Our Supreme Court, however, has decided that corporations may incur such a liability although their charters may not in terms authorize it and further discussion is unnecessary. T. W. & W. R. R. Co. v. Rodrigues, 47 Ill. 188; Indianapolis & St. L. R. R. Co. v. Morris, 67 Ill. 295; C. & St. L. R. R. Co. v. Mahoney, 82 Ill. 73.

The burden of proof is upon the party pleading *ultra vires*. Chicago Pneumatic Tool Co. v. Johns Mfg. Co., 101 Ill. App. 349; Same v. Munsell, 107 Ill. App. 345.

Again, a private corporation cannot avail itself of the doctrine of *ultra vires,* when the contract has been in good faith fully performed by the other party, and the corporation has had the benefit of the contract and the performance. Darst v. Gale, 83 Ill. 136; Bradley v. Ballard, 55 Ill. 413.

The defendant made no attempt to prove that the defendant had no chartered rights or powers to employ

a physician in this case; and, if it had not such rights and powers, it is now estopped to make such a defense, having received all the benefits of this contract fully performed on the part of the plaintiff.

Third. What we have already said virtually settles the contention of the defendant that the judgment is excessive. It was a controverted question as to whether or not the defendant called the plaintiff to treat these employes generally, or only for the first emergency treatment. The evidence of the plaintiff sustains this judgment and we have no right to change it, even if our opinion on the weight of the evidence differed from that of the lower court. A corporation is bound by the acts of its general superintendent in authorizing or ratifying the calling of a physician to furnish medical or surgical aid to employes injured in its employment; and the courts will presume that all the professional visits made by him are necessary, he being the proper judge of the necessity and frequency of his visits. It is also a rule of law, that the employment of a physician or surgeon continues in the absence of stipulation to the contrary, as long as professional attention is required. Ebner v. Mackey, 186 Ill. 297; and other authorities above cited.

The court properly ruled on the questions of law submitted to it by the defendant, and perceiving no reversible error in this record, the judgment of the lower court is affirmed.

*Affirmed.*