42  556
69  573

## ERASTUS P. SWAZEY vs. THE UNION MANUFACTURING COMPANY.

A boy who was working in the factory of the defendants, a corporation, was severely injured by being caught in the machinery, and the plaintiff, a physician, attended upon him at the request, as he claimed, of A, who was the "general business manager" of the corporation. In a suit brought by the plaintiff to recover for his services, in which the defendants denied the authority of A to employ the plaintiff, the court charged the jury that if they should find that A had reasonable ground to believe that the defendants were liable for negligence and employed the plaintiff to save them from pecuniary loss or damage on account of the injury, such employment, involving an expenditure of but a small amount, was within the scope of his authority as business manager of the corporation. Held, on motion of the defendants for a new trial—

1. That the position of "general business manager" of a corporation was not one to which the law affixed any definite measure of authority or of the incidents of which the court could take judicial notice; but that the question should have been submitted to the jury as one of fact upon all the evidence, he being a servant of the corporation, and his authority depending on its by-laws, the vote appointing him, the acquiescence of the corporation in former like acts, and prevailing usage.

2. That A's reasonable belief that the defendants were liable for negligence could not affect the question.

3. Nor the fact that the expenditure was of a small amount.

ASSUMPSIT, for services rendered at the request of the defendants; brought to the Court of Common Pleas of Hartford County, and tried to the jury, on the general issue, before *Briscoe, J.*

On the trial it was proved that in January, 1873, one Middleton, a boy fourteen years of age, was in the employment of the defendants, a corporation engaged in the manufacture of hardware, at their factory in New Britain, and while at work at a milling machine his arm was severely injured by being caught in the machine. Immediately after the injury the boy was taken to the office of the corporation, and thence was taken by his brother and F. G. Mead, the secretary of the company, to the office of the plaintiff, who was a practising physician in New Britain, for medical assist-

ance. The plaintiff dressed his wounds, and for some time afterwards attended upon him, and, at the time he rendered the services, from day to day charged the defendants upon his books, and looked to them for payment.

The plaintiff introduced evidence to prove, and claimed that he had proved, that he attended upon the boy by direction of Mr. Mead, the secretary of the company, and by his direction charged his services to the company, and also that, after he began to attend upon him, he was directed by Mr. Tuck, the general business manager of the company, to continue his attendance, and was told by him that the defendants would pay him for his services.

The defendants offered evidence to prove that no such directions were given or promises made by Mr. Tuck, and that he was absent from New Britain at the time of the accident, and returned a few days after. The defendants also offered evidence to prove, and claimed that they had proved, that Mr. Tuck had no authority to make such an agreement as the plaintiff claimed he did make, even if the injury to the boy was caused by the defendants' negligence. They also offered evidence to prove that the injury was not caused by any negligence on their part. It was also proved that Mr. Mead had no authority to bind the defendants in the employment of the plaintiff.

The defendants requested the court to charge the jury as follows :

1. That the employment of a physician for one of the operatives of the defendant company, injured by his own negligence, and through no fault of the company, would be beyond their corporate power. The court so charged.

2. That if the defendant company had the power to employ a physician for one of its operatives injured while in its employ, either with or without the fault of the company, such an act could only be exercised by an agent authorized to act in that regard by the company.

3. That the general manager of the company could not employ the plaintiff.

4. That it must not only be proved that Mr. Tuck was

the general manager of the company, but that there should be some proof that he had authority to act in this respect, either by special direction of the company, or by a custom known to and ratified by the company.   That if he had no special directions, and there was no proof of similar acts known to and approved by the company, the jury would not be justified in finding, from the simple fact that Mr. Tuck was general manager, that he had power to employ the plaintiff.

Upon these requests the court charged the jury, that if they should find from all the circumstances of the case that Mr. Tuck had reasonable ground to believe that the defendants were liable for negligence, and employed the plaintiff to save the company from pecuniary loss or damage on account of the injury, such employment, involving an expenditure of but a small amount, was within the scope of his authority as the business manager of the corporation.

The jury having returned a verdict for the plaintiff, the defendants moved for a new trial for error in the charge of the court.

*Hungerford,* in support of the motion.

*H. T. Terry,* with whom was *Hart,* contra.

PARDEE, J.   The defendant is a joint stock corporation organized for the manufacture of hardware, having its location in the town of New Britain.   In January, 1873, one Middleton, a boy fourteen years of age, was severely injured in its factory, his arm having been caught in a machine at which he was working.   He was immediately taken for medical aid to the office of the plaintiff, who is a practising physician in that town.   The plaintiff rendered professional services to Middleton, and charged the same from day to day, as rendered, to the defendant: and this suit is instituted to recover payment therefor.

The plaintiff introduced evidence to prove, and claimed that he had proved, that Mr. Tuck, the general business

manager of the defendant corporation, agreed that it should pay the plaintiff for his services.

The defendant offered evidence to prove, and claimed that it had proved, that Tuck had no authority to make such an agreement as the plaintiff claimed that he did make, even if the injury to Middleton resulted from its negligence; also, that the injury was not caused by any negligence on its part.

The plaintiff did not claim, or offer evidence to prove, that the injury was the result of the defendant's negligence; nor did he claim or offer evidence to prove that Tuck had any authority to pledge the defendant's credit for the payment of the plaintiff's bill; resting upon the legal inference to be drawn from the fact that he was the defendant's business manager.

Upon this record there remained a question of fact as to the extent of Mr. Tuck's authority to bind the corporation by his agreement that it should pay the plaintiff for medical services to Middleton, which should have been submitted to the jury; for, the name given in the motion to the office held by Tuck, to wit, general agent or general business manager, does not furnish a fixed legal standard by which his powers can be measured; it does not put any definite limitations upon them; he did not hold an office known to the law with duties prescribed with such certainty as that the court can assume judicial knowledge of them; nor does the reasonableness of his belief that the defendant was liable for negligence furnish the true test by which his powers are to be determined. He was a servant of the defendant, appointed by its directors. The extent of his power to bind the corporation depends in part upon its by-laws, if any such there be, touching his office; in part upon the language of the vote of the directors appointing him, if any such appears of record; in part upon their knowledge and approval of, or the acquiescence of the corporation in, acts performed by him; and in part upon usages which may be shown to exist, controlling the matter.

Nor is there any rule of law by which the question as to his power to bind the corporation by his agreement in this

case, is made to turn upon the magnitude or the insignificance of the sum involved; no principle can be made to rest upon such an unstable foundation. We think there is an error in this part of the charge which may have misled the jury.

A new trial should be granted.

In this opinion the other judges concurred.