Cincinnati, Indianapolis, St. Louis and Chicago R. R. Co. *v.* Cooper, Adm'r.

No. 13,500.

# THE CINCINNATI, INDIANAPOLIS, ST. LOUIS AND CHICAGO RAILROAD COMPANY *v.* COOPER, ADMINISTRATOR.

RAILROAD.— *Negligence.* — *Leaving Injured Passenger on Track.* — *Carrier's Duty of Protection.*—Where a passenger, by reason of the failure of the train employees to call the stations, attempts to alight at a station called by a fellow passenger, not his destination, and is thrown from the platform to the track by the sudden starting of the train, and afterwards, while upon the track between the station and his destination, in a partially unconscious condition from his fall, is negligently run down and killed by a passenger train in charge of employees having knowledge of his fall and condition of mind, the company is liable because of its duty, having knowledge of his fall and mental condition, to use care to protect him from its trains.

SAME.—*Running Trains.*— *Company Chargeable with Knowledge of.* — *Liability.*—In such a case the company is chargeable with knowledge of the running of trains upon its road, and to render the company liable it is sufficient that the accident, without being foreseen, was such as might naturally result.

SAME.—*Injured Passenger.*—*Not a Trespasser.*—Where a passenger injured by a fall from a train, and in a dazed state, is knowingly left by the carrier upon the track, he will not be regarded as a trespasser.

SAME.—*Injured Passenger.*— *Carrier's Wrongful Act.* — *Proximate Cause of Death.*—The wrongful act of the carrier in leaving its injured passenger on the track exposed to great and known peril, without mind enough to care for himself, was the proximate cause of his death.

SAME.—*Injury to Passenger while Intoxicated.*—*Company's Fault.*—*Liability.*—Where a passenger is injured while intoxicated, the injury being due, not to his intoxication, but to the carrier's wrongful act, the carrier will not be relieved of liability.

SAME.—*Instruction to Jury.*— *Wilfulness.*— *What Necessary to Sustain Charge of.*—An instruction to the jury that to establish the charge of wilfulness " an actual intent to do the particular injury alleged need not be shown," but that " misconduct of defendant's servants, such as to evince an utter disregard of consequences, so as to inflict the injury complained of, may of itself tend to establish wilfulness," is not erroneous.

SAME.—*Instruction Relating to Intoxicated Passenger.*—*Failure to Repeat.*—Where the jury is strongly instructed once that if the intestate's presence on the track and his injury were due to his intoxication, there

Cincinnati, Indianapolis, St. Louis and Chicago R. R. Co. *v.* Cooper, Adm'r.

could be no recovery, a failure to repeat the instruction is not just cause of complaint.

SAME.— *Carrier's Negligence at 'Station.— Instruction Upon.*— In the trial court's instruction there was no error in charging the jury that if the intestate's condition and injury were caused by the defendant's negligence at the station, the plaintiff was entitled to recover.

From the Bartholomew Circuit Court.

*S. Stansifer,* for appellant.

*G. W. Cooper* and *C. S. Baker,* for appellee.

ELLIOTT, C. J.—The material facts stated in the second paragraph of the appellee's complaint are these : On the 18th day of April, 1885, Uriah Holland, the appellee's intestate, entered a train of the appellants, which carried both passengers and freight, at the city of Columbus, and paid his passage to the town of Hope, a regular station on the line of appellant's road. When the train, on which the intestate was a passenger, reached the station of Lambert, a point between the city of Columbus and the town of Hope, the appellant's employees failed and neglected to announce the name of the station, but some one in the car called out "Hope," as if naming the station. After the train had stopped at Lambert, the intestate, believing it to be the station for which he had taken passage, endeavored to alight from the train in the usual manner, and the employees of the appellant, without giving any warning or notice, carelessly and negligently caused the train to be suddenly started, and the intestate, without any fault on his part, was thrown violently from the platform of the car, on which he was standing, to the track. The fall rendered him unconscious, and of this the appellant had knowledge, as well as of its cause. Soon after the occurrence, and while the intestate was upon the appellant's track in a dazed and partially unconscious condition, at a point seventy rods distant from Lambert, the appellant's employees in charge of a passenger train, and having knowledge of the fact of his fall from the train and his condition in time to have avoided injury to him by the

exercise of ordinary care, negligently and without giving any signal or warning of the approach of the train, or taking any precaution to avoid injuring him, caused the passenger train to run upon him, thus causing his death, without any fault or negligence on his part.

If the intestate had been on the track through no fault of the appellant and without knowledge on its part of his condition, no action could be maintained; but he was on the track through the fault of the appellant, and it did know of his condition. The rule applicable to cases where persons trespass on the company's track can not govern in such a case as this. Even if it should be conceded that there was no breach of duty on the part of the appellant in failing to announce the station, still there was negligence in starting the train with a sudden jerk. *Louisville, etc., R. R. Co.* v. *Crunk,* 119 Ind. 542; *Indianapolis, etc., R. R. Co.* v. *Horst,* 93 U. S. 291; *Doss* v. *Missouri, etc., R. R. Co.,* 59 Mo. 27; *Andrist* v. *Union Pacific R. W. Co.,* 30 Fed. Rep. 345. But we might go further and concede that there was no negligence in starting the train, and still we should be required to hold that a cause of action is stated, inasmuch as the fact that the intestate was known to have been thrown to the track in an effort to alight from the train and rendered unconscious, made it the duty of the appellant to use care to prevent injury to him from its own trains. A railway carrier of passengers has no right, where care and diligence can prevent it, to leave a helpless passenger, who has fallen from one of its trains, in a situation of known danger. If a passenger, without fault on his part or that of the carrier, but as the result of a pure accident, should be thrown from a train upon the track and rendered helpless, it would be the duty of the railway carrier, if the facts were known to it, to use proper care and diligence to prevent injury from passing trains.

The appellant was bound to know that trains were running upon its own road, and it was under a duty to the passenger who was thrown upon its track to take steps to prevent in-

jury to him from the danger which it knew he was likely to incur from its trains. It does not matter that the injury which actually occurred was not foreseen, it is enough that it was such as might naturally result. *Billman* v. *Indianapolis, etc., R. R. Co.*, 76 Ind. 166 ; *Dunlap* v. *Wagner*, 85 Ind. 529 (44 Am. Rep. 42) ; *Louisville, etc., R. W. Co.* v. *Wood*, 113 Ind. 544 (566), and cases cited ; *Hill* v. *Winsor*, 118 Mass. 251 ; *Lane* v. *Atlantic Works*, 111 Mass. 136. " It is not necessary," said the court in *Hill* v. *Winsor, supra*, " that injury in the precise form in which it in fact resulted should have been foreseen." It needs no argument to demonstrate the truth of the proposition that danger must be presumed from passing trains if one in a state of bewilderment is left upon the track. A long line of cases affirm that one who goes upon a track even with mental and physical faculties undiminished is in fault, because he enters a place of danger, and the one who wrongfully puts another in such a place does a wrong, and is precluded from averring that the injured person was where he had no right to be. Here the carrier knowingly left its passenger upon the track, knowing, also, that injury from a fall from its train had impaired his mental faculties, and it can not be held blameless and its passenger declared a trespasser.

The wrong of the carrier in leaving its injured passenger on the track exposed to great and known peril, without mind enough to care for himself, was the proximate cause of his death. The case is stronger, not weaker, in the fact that those in charge of the train which ran upon him were informed as to his misfortune and his injury ; for the two acts of negligence combined in one efficient cause, and the effect which might naturally have been expected did, in fact, result. The concurring wrongs blended in one strong unity, producing a legal tort, for which the wrong-doer must make compensation. *Evansville, etc., R. R. Co.* v. *Crist*, 116 Ind. 446 ; *Indianapolis, etc., R. W. Co.* v. *Pitzer*, 109 Ind. 179.

If, as counsel tacitly assume, it were true that Holland's

misfortune was due solely to his own wrong in voluntarily becoming intoxicated, we should have a very different case. We should, if such were the case, hold the paragraph of the complaint in which appears the statement that he was intoxicated to be insufficient. This we should do, for the reason that we are satisfied that a carrier is not bound to protect a drunken man from the consequences which result from his own folly or wrong. *Welty* v. *Indianapolis, etc., R. R. Co.*, 105 Ind. 55; *McClelland* v. *Louisville, etc., R. W. Co.*, 94 Ind. 276; *Louisville, etc., R. R. Co.* v. *Sullivan*, 81 Ky. 624. But a drunken man is not an outcast, and the railway carrier can not negligently suffer harm to come to him while he is a passenger. It owes him some duty, which, at its peril, it must not omit. It is not to answer for his folly, but for its own breach of duty. *Atchison, etc., R. R. Co.* v. *Weber*, 33 Kan. 543 (52 Am. Rep. 543); *Railway Co.* v. *Valleley*, 32 Ohio St. 345 (30 Am. Rep. 601). Here the drunken condition of the deceased was not the cause of his injury, for, as the complaint avers and the demurrer admits, the cause of his injury was the carrier's breach of duty, and for that breach of duty the carrier is answerable.

It is a just and beneficent principle, running through all the cases, that a railway company must do what humanity requires where it acts with knowledge of another's helpless condition. *Atchison, etc., R. R. Co.* v. *Weber, supra;* *Railway Co.* v. *Valleley, supra;* *Weymire* v. *Wolfe*, 52 Iowa, 533; *Northern Central R. W. Co.* v. *State*, 29 Md. 420; *Walker* v. *Great Western R. W. Co.*, L. R. 2 Exch. 228; *Swazey* v. *Union Mfg. Co.*, 42 Conn. 556; *Atlantic, etc., R. R. Co.* v. *Reisner*, 18 Kan. 458; *Marquette, etc., R. R. Co.* v. *Taft*, 28 Mich. 289 (opinion by COOLEY, J.); *Terre Haute, etc., R. R. Co.* v. *McMurray*, 98 Ind. 358 (49 Am. Rep. 752); *Louisville, etc., R. W. Co.* v. *Phillips*, 112 Ind. 59.

If, let it be supposed for illustration, a man should be seen bound to the track in time to avoid running upon him, it would certainly be an actionable wrong to run a train upon

474 SUPREME COURT OF INDIANA,

Cincinnati, Indianapolis, St. Louis and Chicago R. R. Co. v. Cooper, Adm'r.

him, and the case made by the complaint differs from the supposed one only in degree, for if the man on the track is so helpless from mental incapacity as not to be conscious of his acts, and this is known to the railway company, it is its duty to use reasonable care to prevent injury to him. In such a case the presumption that the man will leave the track can not apply, although it would apply if his condition were unknown to the employees of the company, or had not been caused by them. In this instance the man was a passenger, and his presence on the track, as well as his incapacity to avoid danger, was the result of the carrier's negligence. In no sense was he a mere trespasser, for by the wrong of the railroad company he was thrown upon the track, and there left in no condition to care for himself.

Among the instructions given by the court is this: "To establish the charge of wilfulness, as set out in the fourth paragraph of the complaint, I instruct you that an actual intent to do the particular injury alleged need not be shown; but if you find from all the evidence that the misconduct of the defendant's servants was such as to evince an utter disregard of consequences, so as to inflict the injury complained of, this may of itself tend to establish wilfulness."

In our judgment this instruction expresses correctly an abstract rule of law. Recklessness, reaching in degree to an utter disregard of consequences, may supply the place of a specific intent. *Palmer* v. *Chicago, etc., R. R. Co.*, 112 Ind. 250; *Brannen* v. *Kokomo, etc., G. R. Co.*, 115 Ind. 115; *Indiana, etc., R. W. Co.* v. *Wheeler*, 115 Ind. 253.

The appellant's theory that the occurrence at Lambert's Station must be excluded from consideration is embodied in several instructions asked but refused. In refusing these instructions there was no error. The occurrence at that place, as is evident from what has been said, exerted an important influence upon the case even if appellant's general theory were correct; for, from it there was reason for inferring that the wrong which brought the intestate upon the track and

into danger was that of the appellant, and it also supplies ground for the inference that the appellant's employees in charge of the passenger train which killed Holland knew his condition, knew what caused it, and knew that he was exposed to danger. It warranted, at least, the inference that he was not a mere trespasser. But more than this, that occurrence may well be regarded as the cause of the unfortunate consequences which culminated in Holland's death. It is not, of course, proper to affirm in the instructions as matter of law that it should be so regarded, but it was proper that as matter of fact it should receive consideration by the jury. On the other hand, it would have been error to assert, as matter of law, that what occurred at Lambert was not the proximate cause of the injury. If, as the jury might well have inferred, the negligent conduct at Lambert was the cause of Holland's death, then the conduct of those in charge of the train which killed him can not be assigned controlling force. If the intestate's death was the probable result of the wrong at Lambert the right of action was complete, and the defendant liable for the legal consequences of that wrong. If death was the result, then, for causing death, the appellant is responsible.

As strongly as it could well be done the court directed the jury that if Holland's presence on the track, and his injury, were owing to his drunken condition there could be no recovery, and the fact that this direction was not repeated does not give appellant just reason to complain.

It is a general rule that instructions need not be repeated, and this rule disposes of many of the questions argued by counsel. *Union M. L. Ins. Co.* v. *Buchanan*, 100 Ind. 63.

We do not hold, nor mean to hold, that if the appellant had been free from fault at Lambert, the notice of Holland's condition would have required it to run its trains so slowly as to avoid the possibility of injuring him. On the contrary, we hold that the wrong which produced his mental incapacity, and caused him to wander along the tracks in

a dazed condition, is the one which constitutes the chief element of the right of recovery. The instructions of the trial court do not place the right of recovery upon the acts of those in charge of the train which ran over Holland, but they do clearly assert that if his condition was caused by the negligence of the defendant at Lambert, and that his presence at the place of danger was the result of that condition, the appellee is entitled to recover. If there is any criticism at all to be made upon the instructions, it is that they are too favorable to the appellant, for they place too much stress upon the conduct of the persons in charge of the train which killed Holland.

We have considered all the questions argued by counsel, but we do not deem it necessary to discuss them in detail, for the questions we have discussed are those which arise in the case and control its decision.

Judgment affirmed.

