## Chicago & Alton R. R. Co. v. Elias Davis.

1. RAILROAD COMPANIES—*Liability for Medical Services in Cases of Accidents.*—When an accident happens to an employe of a railroad company, where the local surgeons of the company are not in the vicinity, and the condition of the injured person requires prompt medical attention, the representatives of the company in authority at the time and place of the accident will have the right to employ medical assistance and render the company liable to pay for the services.

**Assumpsit**, for medical services. Appeal from the County Court of Macoupin County; the Hon. DAVID E. KEEFE, Judge, presiding. Heard in this court at the November term, 1900. Affirmed. Opinion filed February 28, 1901.

PATTON, HAMILTON & PATTON, attorneys for appellant.

PEEBLES, McCLURE & PEEBLES, attorneys for appellee.

MR. PRESIDING JUSTICE HARKER delivered the opinion of the court.

Appellee recovered a judgment against appellant for $60 for medical services rendered by him in treating one Clinton Hall, an employe of appellant, who was injured while assisting in the removal of a wreck on appellant's railroad. The employment of appellee as a physician, was ordered by the conductor of the wrecking train. The rule is well settled in this State that where an accident happens to an employe of a railroad company, and local surgeons of the company are not in the vicinity, and the condition of the injured man requires prompt medical attention, that the representative of the company in authority at the time and place of the injury, has the right to employ medical assistance. If a doctor is sent for by such representative of the company and, at his instance, performs professional services for the injured employe, the company will be liable to pay for such service. Toledo, Wabash & Western R. T. Co. v. Rodrigues, 47 Ill. 188; Indianapolis & St. Louis R. R. Co. v. Morris, 67 Ill. 295.

Hall was badly injured, and another man working with

him killed, by the breaking of machinery used in raising a freight car.    That an emergency for prompt medical aid existed, we have no doubt, as we look at the evidence in the record.    The man in supreme authority at the time was the conductor of the wrecking crew.    Although the conductor himself did not call upon appellee, he directed him to be called by another man, and appellee performed the service in response to such call.    We think there was clear right of recovery and the judgment will therefore be affirmed.

Judgment affirmed.