FREDERICK A. KING *vs.* FORBES LITHOGRAPH MANUFAC-
TURING COMPANY.

Suffolk.   January 14, 1903. — May 21, 1903.

Present: KNOWLTON, C. J., MORTON, HAMMOND, LORING, & BRALEY, JJ.

*Agency.   Corporation.*

A superintendent of the cartoon department of a lithographing company, authorized to employ and discharge workmen, has no authority to bind the corporation to pay for medical or surgical treatment of an employee of the company injured by the machinery in its factory.

CONTRACT by a physician for professional services.   Writ in the Municipal Court of the City of Boston dated August 5, 1901.

On appeal to the Superior Court the case was tried before *Maynard,* J., who ordered a *pro forma* verdict for the defendant. The plaintiff alleged exceptions.

*P. B. Kiernan,* for the plaintiff.

*G. A. Drury,* for the defendant.

KNOWLTON, C. J.   The plaintiff is a physician and surgeon in Chelsea.   The defendant corporation employs a large number of persons in printing and lithographing at its factory in the same city.   One Clayton, an employee of the defendant, was injured in the machinery at the factory and taken to the hospital, where the plaintiff attended him.   This action is brought to recover compensation for the plaintiff's services in caring for him.

The only evidence relied on to show a contract of the defendant to pay the plaintiff, is testimony that a superintendent of the defendant's cartoon department, who was authorized to employ and discharge workmen, told Clayton to go to the hospital to be treated, and said that all bills would be paid by the defendant.   There is no evidence that this superintendent of a department was authorized to make such a contract as agent for the defendant, and it is very plain that his authority to hire and discharge employees did not give him a right to bind the defendant by a contract to pay for medical or surgical treatment of one of its employees.   See *St. Louis & Kansas City Railroad*, v. *Olive*, 40 Ill. App. 82 ; *Chaplin* v. *Freeland*, 7 Ind. App. 676 ; *Sweet Water Manuf. Co.* v. *Glover*, 29 Ga. 399; *Meisenbach* v. *Southern Cooperage Co.* 45 Mo. App. 232 ; *Dale* v. *Donaldson Lumber Co.* 48 Ark. 188.   In those jurisdictions where railroad companies have been held liable for medical attendance procured for an employee by one of their agents, the liability has been limited to cases in which there was an extreme emergency calling for immediate medical or surgical attendance. *Terre Haute & Indianapolis Railroad* v. *McMurray*, 98 Ind. 358, and cases cited.   *Holmes* v. *McAllister*, 123 Mich. 493.

There is no evidence to warrant a finding that there was an implied contract on the part of the defendant to pay for such services, and it is not contended that the undertaking of the superintendent was ratified.

*Exceptions overruled.*