## SOURWINE *v.* McROY CLAY WORKS ET AL.

[No. 6,464. Filed October 13, 1908.]

1. CORPORATIONS.—*Kinds of, Authorized to Furnish Medical Aid to Servants.*—Corporations whose "business is stationary" are under no duty to furnish medical aid to servants in cases of emergency, there being no statute authorizing same. p. 359.

2. PRINCIPAL AND AGENT.—*Authority.*—*Liability.*—Where an agent acts for his principal, without authority, the party with whom he deals knowing thereof, or where both agent and third person are ignorant thereof—a mutual mistake—such agent is not personally liable. p. 361.

3. SAME. — *Authority.* — *Concealment.* — *Fraud.* — An agent who fraudulently acts without authority, or who conceals his want of authority, is personally liable for his acts. p. 361.

From Clay Circuit Court; *Presley O. Colliver,* Judge.

Action by John D. Sourwine against the McRoy Clay Works, and another. From a judgment for defendants, plaintiff appeals. *Affirmed.*

*A. C. Miller* and *G. S. Payne,* for appellant.

*S. M. McGregor,* for appellees.

ROBY, J.—This is an action by a physician against a manufacturing corporation to recover for professional services rendered an employe of the corporation at the request of the corporation's superintendent. It is alleged, among other things, "that on or about October 27, 1904, defendant Edward R. Beidler, superintendent of the McRoy Clay Works, represented to this plaintiff that he was the authorized agent of said works, and that as such agent he had authority to employ and engage this plaintiff to do and perform certain services for his principal, said McRoy Clay Works; that, relying upon said representations, and believing said Edward R. Beidler to be then and there the duly authorized agent of said McRoy Clay Works, he did on said day enter into an agreement with said Edward R. Beidler that, in consideration of reasonable compensation, to be made by said McRoy Clay Works, he would do and perform certain serv-

ices, to wit; to attend and treat one Ben Hendrix, an employe of said McRoy Clay Works; that, relying upon said representations, and so believing said defendant Edward R. Beidler to be the duly authorized agent of said works, he did on said day and on divers days thereafter fully perform and complete said services, a bill of particulars of which is filed herewith and marked exhibit A, and made a part hereof; that said services so performed by this plaintiff were of the value of $55.50. Further averments show a demand and refusal to pay, and judgment for the amount stated is prayed "against said McRoy Clay Works, and if said defendant Edward R. Beidler had no authority in fact as the agent of said McRoy Clay Works to employ this plaintiff, then he asks judgment in the sum of $55.50 against said defendant Edward R. Beidler."

Separate demurrers for want of facts by the McRoy Clay Works and Edward R. Beidler were sustained to the single paragraph of complaint, and the plaintiff appeals. Error is assigned in sustaining each of the demurrers.

The contract set up is valid only if the "facts leading up to it were so unusual and extreme as to impose upon the employer a duty analogous to that imposed upon railroad companies." Facts of this character are not set up in the complaint. The law is entirely well settled. Corporations whose "business is stationary" are under no duty "to furnish their workmen with medical services any more than they should be required to furnish them with dinners." *Cushman* v. *Cloverland Coal, etc., Co.* (1908), 170 Ind. 402. This conclusion was authoritatively declared after extended consideration. The costs and expenses of medical service which might be fastened upon innocent stockholders, if the president and general officers of such corporations were given power to incur obligations of such a character, would probably, in view of the great number of accidents which are constantly happening, be considerable, and the payment thereof might seriously interfere with

the attainment of corporate ends. There might be occasional instances in which prompt medical service would be advantageous to the company; but as a rule the severity of the injury does not affect the question of its liability, and even should death result from a failure of immediate aid the amount and basis of liability would not be changed.

.Persons employed by stationary corporations, such as coal mining and clay companies, should, if they desire surgical attention, make provisions therefor in advance, for they must know that accidents are liable to happen. If they fail to do so, and their "families, friends and acquaintances" fail to come to their aid, charitable doctors are to be found in every community who respond to that call to which "stationary corporations" are by law deaf. It is possible that the legislature might burden the exercise of corporate franchises by a condition requiring emergency aid to be given to servants who suffer injury through the negligence of such a corporation, or even through their own negligence, but no such statute has been pointed out.

Provisions are made in regard to coal mines of the class operated by appellee in the case of *Cushman* v. *Cloverland Coal, etc., Co. supra,* requiring the operator to "keep always on hand, readily accessible and near the mouth of the mine, a properly constructed and comfortable stretcher; a woolen and waterproof blanket; a roll of bandages in good condition for immediate use for bandaging and dressing wounds of any one injured in such mine; a supply of linseed oil, lime, camphor, turpentine, antiseptic gauze dressing and surgeon's splints for the dressing of broken bones; also to provide a comfortable apartment near the mouth of the mine, in which any one so injured may rest while awaiting transportation to his home." Acts 1905, p. 65, §13, §8581 Burns 1908. But such statutes are in "derogation of the common law," "highly penal" in character, and must therefore be "strictly construed," and "not extended by construction." The court in *Cushman* v. *Cloverland Coal, etc., Co., supra,*

ignored the statute. It may not be inappropriate to say that responsibility for this atrocious doctrine does not rest upon the writer of this opinion. See *Cushman* v. *Cloverland Coal, etc., Co.* (1908), (Ind. App.), 83 N. E. 390.

The demurrer of the defendant Edward R. Beidler was also properly sustained. Where one person acting for another holds himself out as having authority to do an

2. act, and thereby draws another into a reciprocal engagement, he will be liable if he acted without authority; but if such want of authority was known to both parties or unknown to both parties—there being a mutual mistake—the agent would not be personally liable. *Newman* v. *Sylvester* (1873), 42 Ind. 106.

It is not alleged that this agent was guilty of

3. fraud, of making a false statement, or of concealing information as to his authority; he is therefore not liable.

Judgment affirmed.