JOURNAL & TRIBUNE CO. *v.* LONES.

(*Knoxville.* September Term, 1914.)

CORPORATIONS. Officers. Authority of general manager.

The general manager of a commercial corporation has no authority as such to commit the corporation to the payment of ordinary attendance, as distinguished from emergency attendance, by a physician or surgeon upon a corporate employee injured while in the line of his duty.

Cases cited' and approved: Cushman v. Cloverland Coal, etc., Co., 170 Ind., 402; Spelman v. Min. etc., Co., 26 Mont., 76; Swazey v. Union Mfg. Co., 42 Conn., 556; King v. Lithograph Co., 183 Mass., 301; Refining Co. v. Leffingwell, 61 Fla., 101.

---

FROM KNOX.

---

Appeal from the Circuit Court of Knox County to the Court of Civil Appeals, and by *certiorari* from the Court of Civil Appeals to the Supreme Court.—VON A. HUFFAKER, Judge.

J. C. WILBURN, for plaintiff.

W. F. BLACK, for defendant.

MR. JUSTICE WILLIAMS delivered the opinion of the Court.

Appellant, the Journal & Tribune Company, a corporation engaged in the publication of a daily news-

paper, is sued by appellee, a practicing physician and surgeon, for attendance on Fred Smith, an employee of the former, who, while engaged in the line of duty in the pressroom, had his hand crushed. The injury was received at a late hour at night, when all officers, including the general manager and the assistant general manager, were absent from the publishing plant. G. W. Denny, the night editor and the highest agent of the company on duty, upon being notified of Smith's condition, called Dr. Lones over the telephone to attend the injured employee. He responded and gave first aid treatment, respecting compensation for which no question is made; the company having admitted responsibility therefor.

The contest is over that portion of the physician's bill which represents subsequent visits to Smith at a hospital to which he was removed and office treatment of the employee. The court of civil appeals reversed a judgment therefor against the company.

The insistence in behalf of the appellee, Dr. Lones, is that Denny by force of custom performed the duty of the general manager in the absence of that official and his assistant, while the contrary contention is that Denny was of a grade in authority lower than general manager of the publishing company. Without determining that question, it is manifest that there can be no recovery beyond the amount admitted and tendered by the appellant company.

The rule is that even the general manager of a commercial corporation has no authority or power implied

Tribune Co. v. Lones.

from his official position to commit his company to the payment of ordinary attendance (as contradistinguished from emergency attendance, with which we are not dealing) by a·physician or surgeon on an employee of the corporation, injured while in the line of duty. *Cushman* v. *Cloverland Coal, etc., Co.,* 170 Ind., 402, 84 N. E., 759, 16 L. R. A. (N. S.), 1078, 127 Am. St. Rep., 391; *Spelman* v. *Gold Coin Min., etc., Co.,* 26 Mont., 76, 66 Pac., 597, 55 L. R. A., 640, 91 Am. St. Rep., 402; *Swazey* v. *Union Mfg. Co.,* 42 Conn., 556; *King* v. *Forbes Lithograph Mfg. Co.,* 183 Mass., 301, 67 N. E., 330; *Atlantic Refining Co.* v. *Leffingwell,* 61 Fla., 101, 54 South., 266, 34 L. R. A. (N. S.), 351, and note; 5 Labatt, Mas. & Serv. (2 Ed.), sec. 2003.

We need not follow the court of civil appeals into a discussion of the liability of the company for emergency service, since that is not contested.

The writ of *certiorari* having been granted, the judgment of the court of civil appeals is affirmed.