SCULLIN *et al.*, RECEIVERS, MO. & N. ARK. RD. CO.
v. ROUTH.

Opinion delivered January 8, 1917.

1.  RAILROADS—EMERGENCY—EMPLOYMENT OF SURGEON—ACT OF SUB-
    ORDINATE EMPLOYEE.—Subordinate employees of a railroad com-
    pany, who, under ordinary circumstances, have no authority to
    bind the railroad company by contracts for medical attendance on its
    servants or passengers, have an implied authority to make such con-
    tracts in its behalf in cases where there is an urgent necessity for the
    immediate employment of a physician or surgeon to attend to ser-
    vants or passengers who have been injured by conditions or occur-
    rences incident to the operation of a railroad.

2.  RAILROADS—EMPLOYMENT OF PHYSICIAN IN EMERGENCY BY CLAIM
    AGENT—CONTINUING SERVICES.—A railroad company will be liable to
    a physician, who was instructed by the company's general claim agent
    to attend upon a certain person injured in a collision, for the continuing
    services of the physician, there being no evidence that one of the
    company's own physicians could have taken charge of the case.

Appeal from Boone Circuit Court; *John I. Worth-
ington*, Judge; affirmed.

*W. B. Smith, J. Merrick Moore* and *H. M. Trieber*,
for appellants.

1. The services and expenses were not authorized
by the general manager or superintendent, or ratified by
such officials. There was no pressing emergency to give
rise to implied authority in the assistant claim agent.
A railroad company is not bound by the contract of its
unauthorized agents, and against the rules of the
company. 53 Ark. 377.

2. The authority of the agent expires when the
emergency ceases. 53 Ark. 377; 65 *Id.* 300; 87 *Id.* 197.

3. There was no evidence to justify a submission
of any of the items to the jury, it appearing from appel-
lee's own testimony that all the charges were unauthor-
ized. The company surgeon was available at the place
of injury.

*C. M. Cooke* and *J. Loyd Shouse*, for appellee.

1. The Cook bill is the only one in controversy.
The other bills are O. K.'d. Appellee had previously
presented similar bills which were paid. The company

surgeon could not be had.  This was a case of emergency under the rules of the company and there were circumstances of ratification also.   96 Ark. 511;  67 Wisc. 529; 24 *Id.* 388;  Story on Agency (Bennett Ed.), § 253; 13 Ga. 53;  58 *Id.* 564;  26 Me. 84;  38 Ala. 208.   A verdict should have been directed for appellee.

2.   Anyway it was a question of fact for the jury. The cases cited by appellants are not in point.   65 Ark. 300;  87 *Id.* 197.

3.   There is no error in the instructions.

HART, J.  Appellee sued appellants before a justice of the peace on an account for medical services.  He obtained judgment and appellants appealed to the circuit court.  The case was tried in the circuit court upon facts substantially as follows:

Dr. C. M. Routh, the appellee, is a physician residing at Harrison, Arkansas, a station on appellant's line of road.  A collision occurred on appellant's line of road near Green Forrest, Arkansas, and Ernest Cook was severely injured.  His leg was broken and he suffered from a double compound fracture.  The general claim agent of the railroad telephoned appellee to go to Green Forrest and take charge of Cook and carry him to Cook's home at Batavia, which was about nine miles distant from Harrison.  Appellee did so and charged for this service $10.00, which he says was a reasonable price. Septic infection set in from some poisonous condition of the wound, and it became necessary for someone to continue to treat Cook.  Appellee made 28 more visits to him and charged therefor $7.50 for each visit, which he says was a reasonable price, Batavia being, as we have already seen, about nine miles from Harrison.

Appellee stated that the general claim agent of the railroad and his assistant both knew that he was continuing to treat Cook and directed him to do so.  The claim agent admitted that he had called appellee to take charge of Cook after Cook had been injured in the wreck and also admitted that he knew that appellee continued to treat him and that it was necessary for some

physician to treat him but he stated that he had no authority to employ a physician except in cases of emergency.

The railroad company introduced its rules in regard to the employment of physicians and the same are as follows:

"A.   This company will not. recognize any responsibility for board, medicine, medical and surgical attention, nursing or funeral expenses, except such as contracted for by its general manager or superintendent.

"B.   When persons or employees are injured, the nearest company surgeon should be called.  If the case is urgent, and the company surgeon cannot be immediately procured, the conductor, agent or officer in charge, if unable to procure instructions from the proper authority, is authorized to call the nearest surgeon available to administer first aid and care to the patient until the company surgeon can take charge of the case."

The jury returned a verdict in favor of appellee in the sum of $210.00.   From the judgment rendered this appeal is prosecuted.

(1)   Appellee also sued for services rendered other employees of the railroad company, but inasmuch as he has taken no appeal, and as counsel for the railroad company concede that the verdict of the jury was based upon the services furnished to Cook, we need only consider those items.  This court has adopted the rule that where subordinate employees of a railroad company, who under ordinary circumstances have no authority to bind the railroad company by contracts for medical attendance on its servants or passengers, have an implied authority to make such contracts in its behalf in cases where there is an urgent necessity for the immediate employment of a physician or surgeon to attend to servants or passengers who have been injured by conditions or occurrences incident to the operation of a railroad.  *St. L., A. & T. Ry. Co.* v. *Hoover*, 53 Ark. 377; *Ark. Southern R. R. Co.* v. *Loughridge*, 65 Ark. 300; *Bonnette* v. *St. L., I. M. & S. Ry. Co.*, 87 Ark. 197.

The urgency and necessity of the employment of appellee by the claim agent who was in charge at the scene of the accident was submitted to the jury under proper instructions, but counsel for appellants contend that under the rule announced in our decisions above, the liability of the railroad arises with the emergency and with it expires. They contend that the emergency ceased before appellee rendered all the services for which he obtained judgment, and that on this account the verdict is without evidence to support it. We do not think the doctrine of implied authority in such cases has any application to the facts of this case; for under the rules the claim agent had express authority to employ a physician within certain limitations. Under the rules introduced in evidence by the railroad company, when persons or employees are injured, the nearest company surgeon should be called, if the case is urgent and the company's surgeon cannot be immediately procured, the conductor, agent or officer in charge, if unable to procure instructions from the proper authority, is authorized to call the nearest surgeon available to administer first aid and care to the patient until the company's surgeon can take charge of the case.

(2)    There was sufficient evidence to warrant the jury in finding that when the wreck occurred in which Cook was injured, that the general claim agent of the company took charge and was unable to secure a surgeon of the company and that he called in appellee to take charge of the case. It is true that on cross-examination appellee admitted that the company had a local physician at Batavia, near where Cook resided, but it was not shown that this physician or any other physician of the company was in a position to take charge of Cook. This was a matter peculiarly within the knowledge of the company. Its officers knew at what time one of its surgeons could take charge of the case and the burden of proof was on appellants to establish this fact. They did not do so, and there is nothing in the record tending to show that a surgeon of the company could have taken charge of the case at

'any time while the services were being rendered by appellee.

The verdict is sustained by the evidence and the judgment will be affirmed.