GEORGE T. SHEEHAN *v.* ELLIOTT MANUFACTURING CO.

*John S. Hurley,* for the plaintiff.

*Warren, Howe & Wilson,* for the defendant.

SNOW, J.   No question is raised as to procedure.   It appears to be conceded that the record is designed (*Gerry* v. *Neugebauer, ante,*

23, 25) to present the questions (1) of the validity of the court's ruling of the general want of implied authority in a superintendent to bind his principal in contracts of the nature here involved, and (2) of the sufficiency of the facts reported to support the court's verdict.

1. There was no error in the court's ruling. The superintendent or foreman of a business firm or corporation ordinarily has no implied authority to employ a surgeon or physician at the expense of the company to attend an injured employee. *King* v. *Company*, 183 Mass. 301, 302; *Ward* v. *Company*, 37 R. I. 438, 442; *Terre Haute & Ind. R. R. Co.* v. *McMurray*, 98 Ind. 358; *Cushman* v. *Company*, 170 Ind. 402, 405; *Sourwine* v. *McRoy Clay Works*, 42 Ind. App. 358, 359; *Holmes* v. *McAllister*, 123 Mich. 493, 496. See *Swazey* v. *Company*, 42 Conn. 556, 559. A sufficient reason is to be found in the fact that there is nothing in the nature of the ordinary employment to prevent an employee from being just as capable, save for the difference in financial position (which the common law regards of no moment), to supply himself with the necessary aid as the employer is to supply him. See 56 U. Pa. L. R. 217, 237.

The plaintiff appears to concede the general rule and seeks to support his claim of authority in the superintendent on the ground of an exceptional or emergency doctrine which prevails in some jurisdictions, and which may be thus briefly and broadly stated: when an employee, engaged in a hazardous occupation, suffers an accidental injury necessitating prompt surgical or medical relief which he is himself incapable of supplying, the highest officer of the employer present is deemed to possess implied authority to bind his principal by contract for such immediate relief as the urgency of the situation demands. 21 R. C. L., Pr. & Agt., *s.* 47; *Terre Haute & Ind. R. R. Co.* v. *McMurray*, 98 Ind. 358, 369, 371; *Chicago & Alton R. R. Co.* v. *Davis*, 94 Ill. App. 54; *Salter* v. *Company*, 79 Neb. 373, 376. Where the doctrine prevails, the principle is generally held to be applicable irrespective of the fault of either the defendant or the injured person.

This doctrine has been applied most commonly in cases of injuries to railroad employees occurring at points more or less remote from the head office of the company (*Terre Haute & Ind. R. R. Co.* v. *McMurray*, *supra; Arkansas Southern R. R. Co.* v. *Loughridge*, 65 Ark. 300), and as respects railroads, has been extended to injuries to passengers (*St. Louis A. & T. Ry Co.* v. *Hoover*, 53 Ark. 377), to strangers (*Bonnette* v. *Railway*, 87 Ark. 197), and under some circumstances even to trespassers. *Vandalia R. R. Co.* v. *Bryan*, 60 Ind. App. 223.

Upon the question of the extension of the doctrine to cases of injuries to employees of companies other than railroads, there is a decided conflict of authorities. Some courts treat the rule as applicable exclusively to railroads. (*Godshaw* v. *Struck*, 109 Ky 285) which are said to occupy a peculiar position "exercising *quasi* public functions, clothed with extraordinary privileges, carrying their employes necessarily to places remote from their homes, subjecting them to unusual hazards and dangers," and, therefore, are to be distinguished from corporations whose business is stationary. *Chaplin* v. *Freeland*, 7 Ind. App. 676; *Cushman* v. *Company*, 170 Ind. 402, 407; *Sourwine* v. *McRoy Clay Works*, 42 Ind. App. 358, 359. In other jurisdictions the doctrine has been treated as extending to companies engaged in any business dangerous to its employees. *Salter* v. *Company, supra*. If, however, it be once conceded that the doctrine is applicable to railroads it has been thought to be difficult to see why, under like circumstances, it is not applicable to other companies, to partnerships and to individuals. 1 Mechem, Agency, s. 341. See 4 L. R. A. (N. S.) 66, *note*. Courts which impliedly recognize such extension of the doctrine have denied it application where there was a lack of clear proof of the hazardous nature of the employment (*Holmes* v. *McAllister*, 123 Mich. 493), or where there was a want of evidence of an extreme emergency calling for immediate medical or surgical attendance. *King* v. *Company*, 183 Mass. 301, 302.

There has been likewise a diversity of opinion as to the grounds upon which the doctrine rests. Courts holding to the rule have sometimes sought to justify it as based on a duty imposed upon the employer by the broad principles of humanity and justice (*Terre Haute & Ind. R. R. Co.* v. *McMurray, supra; Chaplin* v. *Freeland, supra*), and sometimes as founded on some advantage to the agent's employer, such as the speedy recovery of its skilled servants (*Union P. Ry Co.* v. *Beatty*, 35 Kan. 265, 268) or lessened damages in case of possible liability. *Bonnette* v. *Railway, supra*. Other courts recognize the rule as one "required by an emergency, rather than one based on any general legal principle" (*Salter* v. *Company, supra*), a ground which, it has been said, is "not entirely easy to support." 1 Mechem, Agency, s. 341. All the courts, though they differ widely as to its rationale, treat the doctrine as exceptional. *St. Louis A. & T. Co.* v. *Hoover*, 53 Ark. 377, 380; *Cushman* v. *Company, supra*.

Wherever the doctrine has been applied the courts have been careful to limit both the occasion and the extent of its application. The courts of Indiana appear to have gone further than any others

in the adoption of the rule. In the leading case in that state (and here relied on by the plaintiff), which was an action against a railroad company for surgical relief administered to an injured employee at the request of the conductor of a railroad train, the majority, interpreting its opinion upon a rehearing, said, "We did not decide that a corporation was responsible generally for medical or surgical attention given to a sick or wounded servant; on the contrary, we were careful to limit our decision to surgical services rendered upon an urgent exigency, where immediate attention was demanded to save life or prevent great injury. We held that the liability arose from the emergency, and with it expired. . . . We did not hold that the conductor had a general authority to employ a surgeon when there was no emergency, or when there was a superior agent on the ground." *Terre Haute & Ind. R. R. Co.* v. *McMurray, supra.*

The decisions sustaining the doctrine all agree that it is applicable only to hazardous employments, that the injuries must be such as to require immediate medical or surgical attendance, that the subordinate agent can act only in the absence of the principal officers and that his authority is limited to the necessities of the case. See 1 Mechem, Agency, *ss.* 340, 341.

While no infallible rule can be laid down which will apply to all situations, it would seem that the better reasoning of the cases supports the conclusion, that, generally, where an employer, whether an individual partnership or a corporation, is engaged in a business dangerous to his employees, in case of an accident of such a serious nature that an injured employee stands in need of immediate medical or surgical relief for which, if administered at all, he must look solely to the employer, the highest officer or agent of the latter present at the time has authority to bind his principal by authorizing such immediate attendance and care as the exigencies of the case presently demand; and that, the necessity continuing, such authorized service will ordinarily be presumed to extend for such a period of time that the person rendering the same may communicate with such employer, and, if the latter declines to be further responsible, that the party called may communicate with the authorities or others who are so responsible. *Salter* v. *Company, supra;* Professor *Bohlen*, 56 U. Pa. L. R. 217, 240, 241.

This conclusion is consonant with the principle, recognized by this court, that, when confronted by an emergency arising from an accident, the agent immediately in charge may generally take such action as the ordinary man placed in his situation would natur-

ally and reasonably understand that his employer would expect him to take to meet the immediate exigencies of the situation, and to minimize the damages for which his employer might possibly be liable; in which case the agent is not called upon, before acting, to determine with nicety whether or not under the circumstances a jury would probably find his principal liable. *Saunders* v. *Railroad,* 82 N. H. 476, 478. In such a case "the scope of a servant or agent's employment is by no means limited to the performance of those acts which the employer is legally bound to do." Professor *Bohlen,* 56 U. Pa. L. R. 217, 241. It is, therefore, not of controlling importance that the record does not disclose whether the injury was the result of a mere accident, or was due to the negligence of the employer, employee, or both.

2. The verdict for the defendant must stand unless the superintendent's implied authority under the emergency doctrine is conclusively established by the facts reported. It should perhaps be noted here that there is no claim, or evidence, that the defendant had accepted the provisions of the workman's compensation act which would have entitled the injured employee to free remedial care at the expense of his employer. P. L., *c.* 178, *s.* 13.

The only facts upon which the claim of authority in the superintendent is here asserted are the name of the defendant, the title of the agent and the fact that the employee, while in the performance of his duty, suffered an injury which resulted in calling the physician and in subsequent hospital treatment. It does not appear that the business of the defendant was of a hazardous character, or that the proprietors, or principal officers, of the company were not accessible. There was no finding bearing on the nature or extent of the superintendent's duties or of any instructions, rule or custom justifying his action. The nature and extent of the injuries are not disclosed. It does not appear that there was an emergency requiring immediate aid within the rule here contended for. The fact that the plaintiff's bill was not presented until the servant had recovered carries the implication that the charges are for general and prolonged treatment. If it included a charge for emergency or first aid treatment it is not shown. To permit the drawing from such general facts the inferences essential to bring the plaintiff's claim within the narrow limits of the emergency doctrine would be to allow findings to be based upon mere conjecture. Much less does the record justify the conclusion that the authority of the superintendent to bind the defendant is conclusively established thereby.

We have assumed that the essential facts upon which the verdict was based are reported. If not, the record is ambiguous and should be amended. On the record, as it stands, the order must be

*Exception overruled.*

All concurred.

Hillsborough, ⎫
March 5, 1929. ⎰