Hillsborough,
No. 6076.

JOSEPH BARTON & *a.*

*v.*

CITY OF MANCHESTER.

December 30, 1970.

*Wiggin, Nourie, Sundeen, Pingree & Bigg, T. William Bigelow* and *Robert H. Hurd* ( *Mr. Hurd* orally ), for the plaintiffs.

*J. Francis Roche* ( by brief and orally ), for the city of Manchester.

GRIFFITH, J. This is an appeal under the provisions of RSA ch. 31 from an amendment to the Zoning Ordinance of the City of Manchester whereby the R-1B District established in the vicinity of Greenwood Street, Fairfax Street and Interstate Highway 193 was rezoned as a 1-3 District. Trial was by the court and the plaintiffs' appeal was dismissed on motion of the defendant at the conclusion of the plaintiffs' case.

Subsequent to the dismissal of the plaintiffs' case new counsel appeared for the plaintiffs and requested they be allowed exceptions on all rulings of the trial court adverse to the plaintiffs "including, but not limited to, an exception to the Court's granting of the defendant's motion to dismiss." This request was opposed by the defendant and in approving the reserved case the Trial Court ( *King*, J. ) restricted the plaintiffs to " any exceptions appearing in the transcript. " No exceptions appear in the transcript to the rulings of the trial court the plaintiffs now seek to contest.

Plaintiffs urge that we establish a rule abolishing the necessity of exceptions and apply it to this case. They cite criticisms of the requirement of exceptions ( 1 Wigmore *s.* 20, at 355 ( 3d ed. 1940 ); McCormick on Evidence *s.* 52, at 121 ( 1954 ) ) and the widespread adoption by state courts of the substance of federal rule 46 which did away with the necessity of exceptions in the federal courts. Whatever the merits of the plaintiffs' arguments, we are not disposed to consider the abolishment of the requirement of exceptions in the context of an individual case. *See Rickers' Petition*, 66 N.H. 207, 211, 29 A. 559, 560 ( 1890 ); RSA 491:10.

While exceptions are referred to in RSA 490:10 and RSA 491:17 they do not limit consideration by the supreme court under RSA 490:4; and the present rule is not as restricted as

the bare statement that "exceptions . . . not taken at the time . . . [are] waived" (*Peebles* v. *Rand,* 43 N.H. 337, 342 (1861)) would seem to indicate. The necessity of a particular formula to preserve an exception was held unnecessary in *Gerry* v. *Neugebauer,* 82 N.H. 23, 136 A. 751 (1927), and where the record was conceded to present the questions transferred no exceptions were necessary. *Sheehan* v. *Company,* 83 N.H. 542, 145 A. 139 (1929). "While it is true as a general rule that exceptions not previously saved cannot be relied upon here, the rule has often been relaxed, particularly in court cases where the hearing was designed to secure a ruling on a single question . . . (*Eastman* v. *Waisman,* 94 N.H. 253), or where questions of law are apparent from the face of the record. *McPhee* v. *Colburn,* 98 N.H. 406." *Gove* v. *Crosby,* 100 N.H. 380, 381, 128 A.2d 205, 206 (1956). When under the law at the time of trial objection would have been futile even an objection may not be a necessary prerequisite to consideration by this court of the question raised by the trial court's ruling. *State* v. *Nelson,* 105 N.H. 184, 190, 196 A.2d 52, 57 (1963).

Generally a requirement of both our rule and federal rule 46 is that a ruling be made by the trial court and the plaintiff's objection thereto be made known. *Tuttle* v. *Dodge,* 80 N.H. 304, 312, 116 A. 627, 632 (1922). In the present case the plaintiffs would not be entitled to review of the questions they seek to argue here even under federal rule 46. *Ford* v. *United Gas Corp.,* 254 F.2d 817 (5th Cir. 1958).

They first object to the ruling of the trial court that the trial in the superior court was de novo. Following the ruling of the court plaintiffs' counsel not only failed to save on exception but acquiesced in the ruling with the statement "all right." Counsel might well have felt that the erroneous ruling of the court was more favorable than the correct one which would have placed on him the burden of proving the original action of the board was "unjust or unreasonable." RSA 31:78; *Glidden* v. *Nottingham,* 109 N.H. 134, 136, 244 A.2d 430, 431 (1968); *Sweeney* v. *Dover,* 108 N.H. 307, 309, 234 A.2d 521, 522 (1967). Where counsel thus agreed, the ruling became the law of the trial and cannot be attacked here since the court was given no opportunity to correct the error. *Cote* v. *Company,* 86 N.H. 238, 243, 166 A. 279, 282 (1933); 2B Barron and Holtzoff, Federal Practice and Procedure s. 1021, at 310 (1961); *see Maulding* v. *Louisville & N.R. Co.,* 168 F.2d 880 (7th Cir. 1948).

The motion to dismiss in this case was granted without objection or exception by the plaintiffs. The record does not show that the grounds now urged by the plaintiffs were ever brought to the attention of the trial court and whether the dismissal was granted as a matter of fact or law does not appear. In this situation no question is presented for review by this court. *Perreault* v. *Lyons,* 98 N.H. 317, 99 A.2d 916 (1953); *Rudick* v. *Prineville Memorial Hospital,* 319 F.2d 764 (9th Cir. 1963).

*Appeal dismissed.*

KENISON, C.J. did not sit; the others concurred.