Rockingham,
No. 6041.

EVANGELINE HESSION

*v.*

TRUSTEES PHILLIPS EXETER ACADEMY

T. FRANCIS HESSION *v.* SAME.

September 29, 1972.

*Flynn, Powell & McGuirk* and *Raymond P. Blanchard* (*Mr. Blanchard* orally) for the plaintiffs.

*Sheehan, Phinney, Bass & Green* and *E. Paul Kelly* (*Mr. Kelly* orally) for the defendants.

GRIMES, J.   Evangeline Hession sued the defendants in both tort and assumpsit seeking to recover damages for illness claimed to have been caused by consumption of alleged contaminated food from a buffet table at the Exeter Inn on or about September 8, 1962. Her husband's action is in tort for consequential damages and loss of consortium. The jury returned verdicts for the defendants on all claims and all questions of law raised by plaintiffs' exceptions were transferred by *Grant, J.*

Plaintiffs presented no direct evidence that the food was contaminated but relied upon the circumstantial evidence of Mrs. Hession's illness and that five others out of the thirty at the party she attended were ill following consumption of the food.

The court charged the jury that, absent direct evidence of contamination, the "plaintiffs may attempt to sustain their burden by proving them unwholesome by evidence that other people eating the same food suffered similar ill effects, but in this regard there must be some evidence tending to show that the illness suffered by others was similar to that of the plaintiff in kind, origin and degree. .... That is, some evidence that you may take into consideration, namely, the extent to which others were sick, if you find that they were, and to what degree and in what fashion."

At a conference in chambers to settle on the charge, the trial judge stated that he would give defendants' request No. 19, which read: "In this regard, there must be evidence to show that the illness suffered by others was similar to that of the plaintiff, Mrs. Hession, in kind, in origin, in degree, and in bacteriology." It appears that the court gave this request almost word for word except for omitting the words "and in bacteriology." When the court stated that request No. 19 would be given, plaintiffs in no way indicated that there was any objection.

At the conclusion of the charge, one of plaintiffs' counsel, after mentioning another point, stated: "and the other thing, on other people being sick, I don't think that we have to show that it was to the *same* degree." (Emphasis added). Other counsel for the plaintiffs then raised a question on another subject and that part of the charge about which the plaintiffs now complain was not mentioned again.

It is our opinion from the entire record before us that plaintiffs failed to call the trial court's attention to the question they are now advancing. After clearly announcing that defendants' request No. 19 would be given and hearing no protest from plaintiffs at that time, the trial court was entitled to assume that there was no objection to the words "similar . . . degree." Counsel's statement following the charge, that he didn't think they had to "show it was to the same degree"

could hardly under these circumstances be found to have conveyed to the court a complaint against the language actually used by the court. *See Barton* v. *Manchester,* 110 N.H. 494, 272 A.2d 612 (1970).

In any event we hold that the charge did not contain prejudicial error. Although it is true that plaintiffs were not required to show that others experienced the prolonged illness with its various complications similar to that which developed with Mrs. Hession, we do not think that the charge taken as a whole would give the jury that impression. The last sentence of that part of the charge above quoted clearly indicates that "what degree and in what fashion" others were sick was some evidence which the jury could consider in determining whether the food was contaminated and that the similarity of degree was merely a factor to consider in deciding whether the food was a common cause.

*Judgment for the defendants.*

All concurred.